MATTER OF T—

In DEPORTATION Proceedings

A-12184655

*Decided by Board March 13, 1961*

Extension of stay—Authority to revoke—Failure to depart upon notice of revocation incurs deportability under section 241(a)(2).

(1) Respondent, admitted in December 1956 as a nonimmigrant exchange visitor and granted an extension of stay on June 19, 1960, to June 11, 1961, was informed on August 16, 1960, by the Service, upon latter learning that respondent had transferred from one exchange program to another without permission and contrary to regulations, that his extension of stay was revoked and that he was being granted until September 20, 1960, in which to leave the United States. Although respondent contended that revocation of his extension of stay was an arbitrary action which violated procedural due process, it was held that the Service has the authority to revoke an extension of stay granted without knowledge of the true facts.

(2) Thus, failure to depart after notice of revocation and a reasonable period to effect his departure renders respondent amenable to deportation under section 241(a)(2) of the 1952 Act as having "remained longer than permitted."

(3) By transferring from one exchange program to another without permission from the Service respondent violated the terms of his admission as an exchange visitor. Hence, he is also deportable under section 241(a)(9) of the 1952 Act for having failed to comply with the conditions of his nonimmigrant status.

CHARGES:

Order: Act of 1952—Section 241(a)(9) [8 U.S.C. 1251(a)(9)]—Failed to comply with conditions of nonimmigrant status.

Lodged: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant—Remained longer than permitted.

BEFORE THE BOARD

DISCUSSION: This case comes forward on appeal from an order entered by the special inquiry officer on November 28, 1960, denying the respondent's request that the proceedings be terminated and directing that he be deported from the United States pursuant to law on the charges designated above. The respondent, a 33-year-old single male, native and citizen of Turkey, has resided continuously in the United States since his admission at Chicago, Illinois, on or

239

about December 28, 1956, as a nonimmigrant exchange visitor authorized to remain in the United States in such status until June 11, 1961.

Deportation proceedings were instituted against the respondent on September 21, 1960, at which time the order to show cause issued on the same date was served upon him. During the hearings held in deportation proceedings at Chicago, Illinois, on September 29, and October 24, 1960, respectively, an additional charge was lodged against the respondent under section 241(a)(2) of the Immigration and Nationality Act, which cites that after admission as a nonimmigrant under section 101(a)(15) of the Immigration and Nationality Act he remained in the United States for a longer time than permitted. In view of the special inquiry officer's extended treatment of the instant case, the Board's discussion will be confined to a statement of our reasons for affirming the finding that the respondent is subject to deportation on the charges designated above.

The facts detailing the respondent's transfer in March 1960, from Program P–II–2323 with the Cabell Huntington Hospital, Huntington, West Virginia, to Program P–II–985 at the St. Bernard's Hospital, Chicago, Illinois, without the consent of Cabell Huntington Hospital and without receiving permission from the United States Immigration and Naturalization Service to make such transfer, as well as the Office of Cultural Exchange, Department of State, recommending on August 9, 1960, that the respondent's extension of stay under the exchange visitor program be denied and he be required to comply with his commitment as an exchange visitor to return abroad, have been fully and adequately discussed by the special inquiry officer in his decision of November 28, 1960, and need no further discussion herein. The respondent's application to extend the time of his temporary stay in the United States was approved by the Service on June 19, 1960, at which time his temporary stay was extended until June 11, 1961. Thereafter on August 19, 1960, he was informed by the Service that his status as an exchange visitor was terminated when he left the Cabell Huntington Hospital in March 1960 and in view thereof the extension of his temporary stay until June 11, 1961, was invalid and void, and at the same time he was notified that he was granted until September 20, 1960, in which to depart voluntarily from the United States. The respondent has remained in the United States without authority since the latter date.

Counsel by brief on appeal noted that the revocation of the respondent's extension of stay was an arbitrary action and violative of procedural due process. It has been held that whatever license an alien had either to enter or remain in the United States is revokable at the will of the Government of the United States (*Chung Yim v. Untied States*, 78 F.2d 43, cert. den. 296 U.S. 627; *Mahler v. Eby*, 264 U.S. 32). The extension of temporary admission was re-

voked because it was granted without knowledge of the true facts and because of this was contrary to the regulations, but at the same time the respondent was granted a reasonable time to effect his departure from the country. Under these circumstances, the Service had the power to terminate the period for which the alien was admitted for temporary purposes. It is evident, therefore, that the respondent's failure to depart on the date granted to him by the Service constitutes a violation of his status and makes him deportable. Accordingly, the respondent is subject to deportation on the lodged charge designated above. The respondent's transfer from Exchange Visitor Program P–II–2323 to Program P–II–985 without receiving permission from the Service violates his agreement to abide by all the terms and conditions of his admission as an exchange visitor. Hence, he is subject to deportation on the charge stated in the order to show cause, in that, he failed to comply with the conditions of his exchange visitor status by transferring from one program to another without securing permission from the Immigration and Naturalization Service.

On the basis of the evidence present in this record, it appears that the respondent is statutorily eligible for the discretionary relief of voluntary departure and, as a consequence thereof, we have concluded to grant counsel's request that the case be remanded to the special inquiry officer for the purpose of affording the respondent an opportunity to apply for the discretionary relief of voluntary departure, inasmuch as an application therefor was not made during the deportation hearing. Accordingly, the following order will be entered.

**ORDER:** It is ordered that the outstanding order of deportation be withdrawn.

*It is further ordered* that the case be remanded to the special inquiry officer for the purpose of affording the alien an opportunity to apply for and prosecute an application for the discretionary relief of voluntary departure and for such further action as may be appropriate in the premises.

651377  63    17