MATTER OF SAFADI

In Deportation Proceedings

A-14715093

*Decided by Board December 15, 1965*

(1) The Service has the power to terminate the period of respondent's stay as a nonimmigrant visitor when it became aware of the fact he had no desire to depart from the United States, coupled with the fact he had separated from his citizen wife.

(2) As .the right to petition for nonquota classification lies solely in the citizen spouse, and since the evidence establishes respondent's inability to acquire such status through his citizen wife who is in the process of obtaining a divorce and has refused to petition on his behalf, and a visa is. not otherwise immediately available to him. he is statutorily ineligible for adjustment of status under section 245, Immigration and Nationality Act, as amended.

CHARGE:

Order: Act of 1952—Section 241 (a) (2) [8 U.S.C. 1251 (a) (2)]—Remained longer.

The respondent, a native and citizen of Jordan, appeals from an order entered by the special inquiry officer on August 27, 1965 granting him voluntary departure in lieu of deportation as an alien who after entry as a nonimmigrant visitor has remained longer than permitted. Exceptions have been taken to the finding of deportability and .to the denial of discretionary relief under section 245 of the Immigration and. Nationality Act.

The respondent, a male alien, 25 years of age, last entered the United States through the port of New York on February 26, 1965. He was admitted as a temporary visitor until April 26, 1965. The order to show cause charges that the respondent is deportable under section 241(a) (2) of the Immigration and Nationality Act in that after admission as a nonimmigrant under section 101(a) (15) of the said Act he has remained in the United States for a longer time than permitted.

The respondent defends on the ground that he had been authorized by the Immigration Service to remain in the United States subse-

quent to April 26, 1965. He relies on the fact that his application to extend the time of his temporary stay was endorsed by an immigration officer to show that his stay had been extended to October 26, 1965 (Ex. 3). He submitted a Form I-94 so endorsed to support his contention.

The application for extension of temporary stay filed by the respondent was received by the San Antonio Office on April 6, 1965 (Ex. 3). It contains a notation dated May 27, 1965 showing that respondent's temporary stay was extended until October 26, 1965. The respondent's Form I-94 contains a similar notation but is undated. The notations in both documents have been scratched out in ink and there is evidence that this was done on June 17, 1965. There is evidence that an extension of respondent's stay was denied on June 17, 1965 based upon information that he had no desire to depart from the United States and that he had separated from his citizen spouse.

It has been held that whatever license an alien has either to enter or to remain in the United States such license is revokable at the will of the government (*Chun Yim* v. *United States*, 78 F.2d 43, cert. den. 296 U.S. 627; *Mahler* v. *Eby*, 264 U.S. 32). Counsel maintains that respondent's case is distinguishable from our decision in *Matter of L—*, 9 I. & N. Dec. 239, because in the case of respondent there was no change in his immigration status. We do not find this factor controlling in the respondent's case. The Immigration Service had the power to terminate the period for which the respondent was admitted for a temporary visit when it became aware of the fact that he had no desire to depart from the United States coupled with the fact that his wife was in the process of filing for a divorce which would make him ineligible for nonquota classification. We affirm the finding of the special inquiry officer that the respondent is deportable as charged in the order to show cause.

The respondent applied for an adjustment of his immigration status to that of a permanent resident alien under the provisions of section 245 of the Immigration and Nationality Act. He testified that he married a United States citizen on March 28, 1965 (Ex. 5). It appears that the respondent's citizen spouse has refused to petition for his nonquota classification and that she is in the process of terminating their marriage.

Section 245 requires among other things that an immigrant visa be immediately available to the applicant at the time his application is approved. Since the evidence affirmatively establishes that the respondent is in no position to acquire nonquota classification as the right of petition lies solely in his citizen spouse we will affirm the

finding of the special inquiry officer that the respondent is statutorily ineligible for relief under section 245 of the Immigration and Nationality Act. Cf. *Scalzo* v. *Hurney*, 225 F. Supp. 560, E.D. Pa., 1963, aff'd. 338 F.2d 339 (C.A. 3, 1964).

The respondent has been granted the maximum relief available. We will dismiss the appeal.

**ORDER:** It is directed that the appeal be and the same is hereby dismissed.