**Tillie WEISS, Plaintiff,**

v.

**P. A. ESPERDY, District Director of the Immigration and Naturalization Service, Defendant.**

United States District Court
S. D. New York.
March 7, 1961.

Leon Rosen, New York City, for plaintiff.

S. Hazard Gillespie, Jr., U. S. Atty., for the S. D. of New York, New York City, for defendant. Roy Babitt, Asst. U. S. Atty., New York City, of counsel.

DIMOCK, District Judge.

Plaintiff brings this action for a declaratory judgment under section 2201 of title 28 U.S.Code to review, under section 10 of the Administrative Procedure Act,[1] defendant's denial of plaintiff's application under section 249 of the Immigration and Nationality Act,[2] for creation of a record of arrival for permanent residence. She has served notices of taking the depositions of defendant District Director of the Immigration and Naturalization Service, who signed the order of denial, and an Immigration Inspector, Charles Sullivan, who, she alleges, heard the application. Defendant moves to vacate the notices on the ground that the record does not present such compelling reasons for the examination as are required when the persons whose depositions are sought are those who have made administrative decisions which the applicant seeks to review. In considering this motion I shall be guided by the rule stated in United States v. Morgan, 313 U.S. 409, at page 422, 61 S.Ct. 999, at page 1004, 85 L.Ed. 1429: "Just as a judge cannot be subjected to such a scrutiny [as to his mental processes] * * * so the integrity of the administrative process must be equally respected."

Plaintiff's papers, fairly read, raise the point that the decision signed by defendant was not reached in accordance with the provisions of the Administrative Procedure Act; that the hearing was informal and no record was transcribed or kept; that, if the decision was made by Inspector Sullivan, it was prejudiced by instructions from defendant and his superiors; that, if the decision was made by defendant, then the ex parte submission of Inspector Sullivan's recommendations would have been improper under Morgan v. United States, 304 U.S. 1, 58 S.Ct. 773, 82 L.Ed. 1129.

The point that the decision was prejudiced by instructions from defendant and his superiors is amplified and supplemented by a statement in the complaint verified by plaintiff as of her own knowledge. There she swears that the denial of her application was arbitrary, capricious, unreasonable and constituted a gross abuse of discretion and adds "the said Charles Sullivan was acting in accordance with the direction of defendant and defendant's superiors in an existent atmosphere of prejudice which prevented any possibility of the fair and impartial

---

1. Act of June 11, 1946, c. 324, § 10, 60 Stat. 243, 5 U.S.C. § 1009.

2. Act of June 27, 1952, c. 477, tit. II, c. 5, § 249, 66 Stat. 219, as amended Aug. 8, 1958, Pub.L. 85–616, 72 Stat. 546, 8 U.S.C. § 1259.

exercise of discretion as required by statute." The only matter advanced by plaintiff as creating an inference that the decision was arbitrary, capricious, unreasonable and rendered without the exercise of discretion is the fact that this decision was in practically the identical words which had been used by the Acting Regional Commissioner in denying a request by plaintiff for oral argument on an appeal from a denial of pre-examination and voluntary departure under section 242(b) of the Immigration and Nationality Act. The words of the decision here under review were: "The record in your case reflects utter disregard for honesty in your dealings with government, both local and federal, and you have, by your own admission, evinced a strong affinity for Communist affiliations. Therefore, in the exercise of discretion, it is held that your application should not be granted."

The form of application for relief under section 249 asked "If deportation proceedings have ever been instituted against you, give date and place of hearing, the charge, and the final result." Plaintiff replied, "See file A 10 291 204". It was from the file to which the immigration service was thus referred that the information on which the decision was based was obtained. It was natural that the result should be couched in the same language that had expressed the decision on an application governed by similar considerations. The identity of the words indicates no such likelihood of irregularity as would justify the relaxation of the rule of integrity of the administrative process involved in examination of defendant or Immigration Inspector Sullivan.

That leaves for consideration the question whether relaxation of the rule against examination of the administrative official who has made the decision under review is warranted by plaintiff's charges of procedural irregularities.

Both sides agree that there was a hearing. Nevertheless, section 7 of the Administrative Procedure Act, 5 U.S.C. § 1006, requires no hearing except when required under sections 4 and 5. Section 4 deals only with rule making and section 5 deals only with cases "of adjudication required by statute to be determined on the record after opportunity for an agency hearing". Section 249 of the Immigration and Nationality Act, under which plaintiff's application was made, does not require an adjudication that must be determined on the record after opportunity for an agency hearing. Nor do the regulations issued thereunder provide for a hearing. See 8 C.F.R. § 249.

It may be that a hearing was required under the Fifth Amendment and that, having been thus required, it was governed by the Administrative Procedure Act. See Wong Yang Sung v. McGrath, 339 U.S. 33, 48–51, 70 S.Ct. 445, 94 L.Ed. 616. Though a hearing may not have been required one may have been afforded under circumstances that entitled plaintiff to procedural due process. See United States ex rel. Weddeke v. Watkins, 2 Cir., 166 F.2d 369, 371, certiorari denied 333 U.S. 876, 68 S.Ct. 904, 92 L.Ed. 1152. Plaintiff may thus be right in claiming that a record ought to have been made of the hearing and that she was entitled to be heard when Inspector Sullivan's findings were submitted to defendant.

The fact that plaintiff may possibly be able to prove that she was entitled to the benefit of the Administrative Procedure Act or the Fifth Amendment does not, however, mean that she is entitled to take the depositions of Inspector Sullivan and defendant. Plaintiff's general allegation that the decision was not reached in accordance with the provisions of the Administrative Procedure Act is not detailed enough to warrant relaxation of the rule which stands in plaintiff's way. So far as failure to transcribe or even keep a record of the hearing is concerned, that can be proved by the testimony of plaintiff herself and her witnesses. It is agreed that Inspector Sullivan held the

hearing and the record is clear that the decision was actually signed by defendant. There is thus nothing more needed to permit plaintiff to present the point that she was deprived of her rights by ex parte presentation to the deciding officer of findings by the hearing officer.

Since I have held above that plaintiff is not entitled to examine Inspector Sullivan and defendant as to the merits of the decision and since I now hold that no need is shown for this examination as to the procedural points sufficient to warrant relaxation of the rule against taking the depositions of officers who have held administrative hearings, the motion to vacate the notice is granted.