Constantinos ROUMELIOTIS and Pana-
yota Roumeliotis, his wife,
Petitioners,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

No. 13636.

United States Court of Appeals
Seventh Circuit.

June 15, 1962.

Rehearing Denied July 9, 1962.

Conrad G. Verges, M. J. Berkos, Chi-
cago, Ill., for petitioners.

James P. O'Brien, U. S. Atty., John
Powers Crowley, Asst. U. S. Atty., Chi-
cago, Ill., John Peter Lulinski, Asst. U.
S. Atty., of counsel, for respondent.

Before HASTINGS, Chief Judge, and
SCHNACKENBERG and SWYGERT,
Circuit Judges.

SWYGERT, Circuit Judge.

Petitioners, Constantinos Roumeliotis
and Panayota Roumeliotis, husband and
wife, seek review of a decision of the
Regional Commissioner of the Immigra-
tion and Naturalization Service denying
a petition filed in behalf of petitioner
Constantinos Roumeliotis for a first pref-
erence immigrant visa pursuant to Sec-
tion 203(a) (1) (A) of the Immigration

and Nationality Act, 8 U.S.C.A. § 1153 (a) (1) (A); they further request that this Court issue a stay of the deportation orders heretofore issued against them until Congress has acted finally upon a pending private bill which, if enacted, would provide permanent resident status for petitioners.

Petitioners are natives of Greece. Petitioner Constantinos Roumeliotis was admitted to the United States on November 12, 1959 as a nonimmigrant temporary visitor and his stay was extended until December 1, 1960; his wife was also admitted as a nonimmigrant temporary visitor on July 26, 1960 and was authorized to remain in the United States until October 12, 1960. They have resided in Chicago since their admittance.

On April 29, 1960 Saint Taxiarhia and Saint Haralambos Greek Orthodox Church of Chicago filed a petition for a first preference visa in behalf of petitioner Constantinos Roumeliotis and on August 2, 1960 the petition was denied by the District Director of the Immigration and Naturalization Service; this order was affirmed by the Regional Commissioner.

On December 28, 1960 petitioners were served with orders to show cause why they should not be deported for having overstayed their visas. In January, 1961 deportation hearings were conducted. Petitioners admitted their deportability and were ordered deported. Their request for voluntary departure was denied. The order of deportation was not appealed to the Board of Immigration Appeals and became final February 6, 1961, as provided by regulation, 8 C.F.R. 242.20.

On March 29, 1961 Saint Taxiarhia and Saint Haralambos Greek Orthodox Church filed a second petition in behalf of Constantinos Roumeliotis for a first preference visa. This petition was also denied by the District Director and the decision was affirmed by the Regional Commissioner.

Petitioners were ordered to report for deportation on February 12, 1962. They failed to report. On February 6, 1962 a private bill was introduced in the Senate of the United States, which bill, if enacted into law, would provide permanent resident status for petitioners. On February 13, 1962 the Saint Taxiarhia and Saint Haralambos Greek Orthodox Church filed a third petition in behalf of petitioner Constantinos Roumeliotis for a first preference visa. The petition was denied by the District Director February 20, 1962.

The instant petition for review was filed in this Court on February 21, 1962, in which jurisdiction of this Court is asserted under Section 106(a) of the Immigration and Nationality Act, 8 U.S. C.A. § 1105a.

The government questions the jurisdiction of this Court on two grounds. First, it asserts that while an administrative determination on a petition for a first preference visa may affect a deportation order, the determination is not a final order of deportation, and since the application was not considered in a proceeding under 8 U.S.C.A. § 1252(b), this Court lacks jurisdiction because of the restricted review provisions of 8 U.S.C.A. § 1105a.

We considered today a similar question in Blagaic v. Flagg, 7 Cir., 304 F.2d 623, and decided that the jurisdiction of courts of appeals for initial review under Section 1105a is not as narrow as the government contended in that case. There, the decision under review was the denial of a stay of a deportation order requested under 8 U.S.C.A. § 1253(h); we decided that the administrative proceeding for a stay under that section was ancillary to the deportation order and that this Court has initial jurisdiction to determine whether the Attorney General abused his discretion in denying the stay.

The proceeding for a first preference visa relates to the status of an alien and while the petition in behalf of petitioner

Constantinos Roumeliotis for such a visa, looking merely at the petition, constitutes only an attempt to change his status from a nonimmigrant visitor to a quota immigrant, its determination is no less ancillary to the deportation orders issued against the petitioners than was the stay proceeding under Section 1253 (h) in Blagaic.

■ The deportation orders in the instant case were issued pursuant to 8 U.S.C.A. § 1251(a) (2) for the reason that after petitioners' admission as nonimmigrants under 8 U.S.C.A. § 1101(a) (15) (B) they remained in the United States longer than their temporary visas permitted. Two of the three identical petitioners for a first preference visa were filed subsequent to the deportation orders. Had either been granted, it would have, in effect, nullified the deportation orders; therefore, the determination on the petition for the visa is in a realistic sense part of the deportation orders. The government's first contention that this Court lacks jurisdiction cannot be sustained.

■ Second, the government contends this Court lacks jurisdiction by virtue of 8 U.S.C.A. § 1105a(c). This section provides in part, "An order of deportation * * * shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations * * *." Under the applicable regulation,[1] the petitioners had a right to appeal their deportation orders to the Board of Immigration Appeals within ten days. This was not done; therefore, under the provisions of another regulation[2] the decision of the Special Inquiry Officer became final. The government argues that the mere finality of the Special Inquiry Officer's decision does not operate as an exhaustion of administrative remedies because if such were the case an exhaustion of such remedies could be effected by default, citing Batista v. Nicolls, 1 Cir.,

213 F.2d 20, and Siaba-Fernandez v. Rosenberg, 9 Cir., 302 F.2d 139. The difficulty with this argument is that while the review in the instant case relates to the orders of deportation, it concerns a proceeding that is ancillary to the orders; in other words, the petition for review is not a direct attack upon the orders per se. We hold that this additional assertion of a lack of jurisdiction cannot be sustained.

Going to the merits of the petition for review, one of the questions presented is whether the denial of the petition for a first preference visa was arbitrary and capricious.

■ It is solely within the discretion of the Attorney General to determine whether an alien is entitled to a first preference visa under Section 1153(a). Concerning the scope of the review of similar discretionary authority under 8 U.S.C.A. § 1253(h), we believe what we said in Obrenovic v. Pilliod, 7 Cir., 282 F.2d 874, 876 is pertinent:

"Plaintiff has a right of limited judicial review by the court of discretionary decisions of the Attorney General. * * * If the reasons for refusing to suspend deportation stated by the Attorney General are sufficient on their face, the court cannot make further inquiry."

■ The petition for a first preference visa in behalf of petitioner Constantinos Roumeliotis is based on the fact that he has been the sexton of the church that filed the petition. We have read the administrative record filed in this Court. It includes the investigation report of the Immigration and Naturalization Service and the sworn statement of the petitioner relating to the petition for the visa. The facts contained in these documents support the reasons given for the denial of the petition. The reasons, stated in the last notice of denial, are:

"It has not been established that the services of the beneficiary are urgently needed in the United States.

1. 8 C.F.R. 242.21(b).

2. 8 C.F.R. 242.20.

The position for which the beneficiary's services are desired does not require the high degree of skill or ability contemplated by the statute. Your previous two visa petitions filed in behalf of the beneficiary were denied for the above reason and the denials were affirmed by the Regional Commissioner."

We hold, therefore, that the Attorney General's denial of the petition for a first preference visa was not arbitrary and capricious.

■ The other question presented on the merits relates to petitioners' contention that when a private bill has been introduced in Congress which would permit an alien to adjust his immigration status so as to prevent deportation, the Immigration and Naturalization Service must stay deportation pending the outcome of the proposed legislation.

Petitioners rely on United States ex rel. Knauff v. McGrath, 2 Cir., 181 F.2d 839. That case was a habeas corpus proceeding in which the writ had been denied by the District Court. As in the instant case, a private bill had been introduced in the Senate which would have permitted Mrs. Knauff to enter the United States for permanent residence although the Attorney General had denied her admittance on the ground that her admission would be prejudicial to the interest of the United States. It was alleged in the application for the writ that it was the invariable practice of the Immigration and Naturalization Service to stay all deportation proceedings whenever a private bill of this nature had been introduced in Congress until after Congress had an opportunity to act on the bill. In reversing, the Court of Appeals said at 843:

"Our decision, however, rests on the present state of the record. On the remand of this case, respondents should be permitted, if they so desire, to file a return denying the relator's allegations as to the administrative practice. If they do so,

of course there will be a trial of the resulting issue of fact."

We believe that this statement, along with the fact that Knauff was a habeas corpus proceeding, distinguishes it from the instant case.

In its brief the government states the following in regard to its policy whenever a private bill of this nature is introduced in Congress:

"It is not the policy of the Immigration and Naturalization Service to stay deportation because of the mere filing of a private bill, but rather, the policy of the Immigration and Naturalization Service is to stay deportation only when the Committee on the Judiciary requests a report from the Service."

The asserted policy of the government with regard to private bills of this nature has not been challenged by petitioner. Also, the record does not show that the Senate Committee on the Judiciary requested a report from the Service in the instant case. This lack of challenge plus the absence of a requested report by the Senate Committee renders the Knauff decision ineffective to support petitioner's position, although we withhold our imprimatur to the policy since there has been no challenge of its reasonableness.

Furthermore, during the pendency of this review the government was permitted to file a certified part of the administrative record indicating that adverse action has been taken on the pending private bill by Congress. This part of the record indicates that the following action was taken by the Senate Committee on the Judiciary on March 7, 1962:

"At the meeting of the Committee on the Judiciary today, this bill was indefinitely postponed, inasmuch as similar bills H.R. 1342 and H.R. 1343 were acted on adversely by the House Judiciary Committee on July 25, 1961."

Thus, from the record now before us it would appear that this bill has little, if any, chance of being passed by Congress. We hold, therefore, that the Immigration and Naturalization Service had no duty to stay the deportation orders merely because the private bill had been introduced in Congress.

The action of the Immigration and Naturalization Service in denying the petition for a first preference visa is affirmed. Further, the requested stay of deportation is denied.

So ordered.