Efthemios A. SKIFTOS, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 14442.

United States Court of Appeals Seventh Circuit.

May 26, 1964.

Conrad G. Verges, Chicago, Ill., for petitioner.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for respondent, John Powers Crowley, Asst. U. S. Atty., of counsel.

Before DUFFY, CASTLE, and SWYGERT, Circuit Judges.

**204**

SWYGERT, Circuit Judge.

Efthemios A. Skiftos petitions for a review of a denial of an application for a first preference immigrant visa pursuant to section 203(a) (1) (A) of the Immigration and Nationality Act, 8 U.S. C. § 1153(a) (1) (A).

On October 11, 1961, following a hearing, a special inquiry officer of the Immigration and Naturalization Service determined that petitioner was deportable and granted him leave to depart from the United States voluntarily in lieu of an immediate order of deportation. Petitioner did not take an appeal to the Board of Immigration Appeals nor did he seek judicial review; rather, a petition was filed by the St. Francis Hospital, Evanston, Illinois, in his behalf under section 204 of the act, 8 U.S.C. § 1154, for an immigrant visa pursuant to section 203(a) (1) (A). The petition was returned and the hospital informed by the Service that the petition must be accompanied by a clearance order from the United States Employment Service. It appears that the clearance order was unobtainable. Thereafter, petitioner was ordered to depart from the United States on December 20, 1963. The instant petition for review followed.

■ Respondent questions the jurisdiction of this court to review the failure of the Immigration and Naturalization Service to grant petitioner the requested visa. It is contended that the action of the Service in requiring a clearance order from the United States Employment Service to accompany the petition for a first preference visa and its failure to issue the visa are not reviewable under section 106 of the act, 8 U.S.C. § 1105a. The identical question was before us in Roumeliotis v. Immigration & Naturalization Service, 304 F.2d 453 (7th Cir. 1962). In that case we held that this court had ancillary jurisdiction. We find nothing in Foti v. Immigration & Naturalization Service, 375 U.S. 217, 84 S. Ct. 306, 11 L.Ed.2d 281 (1963), which requires us to modify our holding in Roumeliotis.

Considering the merits of the petition, it is contended by petitioner that the Service erred in requiring a clearance order to be submitted with the application for the first preference visa. The contention has no merit.

■ The pertinent regulation issued by the Attorney General under section 103 of the act, 8 U.S.C. § 1103, provides in part (8 C.F.R. § 204.2):

"A United States Employment Service clearance order shall be attached to every submitted first-preference petition unless the petitioner has been informed by the office having jurisdiction over the place where the beneficiary's services are to be performed that a clearance order for the beneficiary's occupation is not required."

It is clear that the Immigration and Naturalization Service had no choice but to follow the regulation and that there was no abuse of discretion in requiring a clearance order.

The action of the Immigration and Naturalization Service is affirmed.