**MAGGIORE BAKERY, INC., and Giacomo Baiardi, Plaintiffs,**

**v.**

**P. A. ESPERDY, District Director, Immigration & Naturalization Service, United States Department of Justice, Defendant.**

United States District Court
S. D. New York.

Oct. 23, 1964.

Leon Rosen, New York City, for plaintiffs.

Robert M. Morgenthau, U. S. Atty., S. D. New York, for defendant; James G. Greilsheimer, Special Asst. U. S. Atty., of counsel.

LEVET, District Judge.

This is an action for declaratory judgment brought pursuant to 28 U.S.C.A. § 2201 and for review under Section 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009. Plaintiffs petition this court to cancel as invalid the denial of the visa petition and further seek to have this court direct the defendant to grant a full hearing on the petition. The District Director of Immigration and Naturalization opposes the declaratory judgment action and has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Briefly stated, the facts are as follows:

Plaintiff Baiardi, a native and citizen of Italy, entered the United States on November 30, 1961 as a visitor for pleasure under 8 U.S.C.A. § 1101(a) (15) (B). Plaintiff Maggiore Bakery, Inc. petitioned defendant to classify Baiardi as a first preference quota immigrant pursuant to 8 U.S.C.A. §§ 1153 (a) (1) and 1154. Maggiore Bakery sought the services of Baiardi as a

pastrymaker to make all types of Italian pastries, ices and ice creams. On October 28, 1963, the District Director denied the petition. The plaintiffs appealed this ruling to the Regional Commissioner for the Northeast Region. On January 2, 1964, the Regional Commissioner dismissed the appeal and upheld the District Director's ruling.

Plaintiffs seek to have the District Director's denial of the petition set aside on two grounds. The plaintiffs' first contention is that the denial was arbitrary, that the documents submitted in support of the petition establish that Baiardi qualifies for classification as a first preference quota immigrant. Plaintiffs' second contention concerns the lack of a trial type hearing by the District Director on the petition. Plaintiffs contend that they have been denied due process inasmuch as the defendant has not complied with Sections 5 and 7 of the Administrative Procedure Act, 5 U.S.C.A. §§ 1004, 1006.

■■ The plaintiffs' first contention is without merit. The granting of a first preference visa under 8 U.S.C.A. § 1153(a) is solely within the discretion of the Attorney-General. Roumeliotis v. Immigration and Naturalization Service, 304 F.2d 453 (7th Cir.), cert. denied, 371 U.S. 921, 83 S.Ct. 288, 9 L.Ed.2d 230 (1962). Unless there has been an abuse of discretion the court will not interfere with the ruling. In the present case the facts contained in the administrative record amply support the defendant's decision. The petitioner seeks the services of Baiardi to "make all Italian delicacies, such as pastries, cakes, and fancy decorations on cakes used for holidays, weddings and other festivities." The documents submitted in support of the petition establish only that Baiardi is experienced in the preparation of Sicilian-type sweets. In light of the administrative record in this case, I cannot say as a matter of law that defendant erred in denying plaintiff Maggiore's petition.

■ Plaintiffs' second contention is more substantial. Plaintiffs concede in their brief that the procedures followed by the defendant complied with 8 U.S. C.A. § 1154 and the Regulations promulgated thereunder which do not require a hearing. 8 C.F.R. § 103.2; 8 C.F.R. §§ 204 and 103.1(f). However, there remains the broader question mentioned by Judge Dimock in Weiss v. Esperdy, 27 F.R.D. 269 (S.D.N.Y.1961). "It may be that a hearing was required under the Fifth Amendment and that, having been thus required, it was governed by the Administrative Procedure Act." 27 F.R.D. at 271.

This question is best answered by the language of the Court of Appeals in United States ex rel. Dolenz v. Shaughnessy, 200 F.2d 288 (2d Cir.1952), cert. denied, 345 U.S. 928, 73 S.Ct. 780, 97 L.Ed. 1358 (1953). There the court in construing another grant of discretionary authority to the Attorney General wrote: "Congress did not see fit to prescribe any procedure to be followed by the Attorney General in performing this duty of designation nor make provision for any particular type of review of his action. Judicial review is, consequently, limited to whether the procedure was essentially fair." 200 F.2d at 291.

Turning to the facts of the present case, the procedures followed seem eminently fair. Plaintiffs presented affidavits and a clearance order from the United States Employment Service and the petitioner was interviewed by an immigration officer. The District Director rendered a written decision and plaintiffs exercised their right of appeal under 8 C.F.R. § 103.1(e) and § 103.3. On the appeal to the Regional Commissioner the plaintiffs presented oral argument through counsel.

The Service did not rely on any evidence outside of the administrative record and plaintiffs have failed to allege any manner in which they were harmed by this procedure. Moreover, plaintiffs point to no evidence which is not contained in the administrative record.

■ Plaintiffs also contend that they are entitled to a hearing under the Ad-

**376**

ministrative Procedure Act, 5 U.S.C.A. §§ 1004, 1006. These sections plainly do not apply to first preference petition proceedings. Section 1004 applies to cases "of adjudication required by statute to be determined on the record after opportunity for an agency hearing" and an agency hearing is not required by 8 U.S.C.A. § 1154. Section 1006 requires a hearing only when it is otherwise required under 1003 or 1004. Section 1003 deals with rule making and hence Section 1006 is not applicable here.

I find that the procedure followed in the present case was essentially fair and that the defendant's determination that Baiardi did not qualify for first preference status was not arbitrary, capricious or an abuse of his discretion. Defendant's motion for summary judgment is therefore granted.

Settle order on notice.