Edoardo **LECHICH** and Three Sisters Restaurant, Inc., Plaintiffs,

v.

Dominick **RINALDI**, District Director of Immigration and Naturalization Service, Defendant.

No. C 902–61.

United States District Court
D. New Jersey.

Sept. 20, 1965.

676

Leon Rosen, New York City, for plaintiffs.

David M. Satz, Jr., U. S. Atty., by Paul A. Nejelski, Newark, N. J., for defendant.

SHAW, District Judge.

Plaintiff Edoardo Lechich is a citizen of Yugoslavia [1]. He entered the United States on March 7, 1959 as a crewman on the vessel S.S. Italia and was authorized to remain in this country as a non-immigrant alien so long as the vessel remained in port but in no event to exceed 29 days. He was then 24 years of age. Within 4 days after admission to this country as an alien crewman he visited his cousin,

1. It is alleged on behalf of the plaintiff and seems to be conceded by the government that he is a native of Yugoslavia and a citizen of Italy. However, according to the record, it appears that he was born in Yugoslavia and according to his own statement he is a citizen of that country. See his statement in "Application for Status as a Permanent Resident."

Leo Marin, president and owner of Three Sisters Restaurant in Dover, New Jersey and accepted employment there to work in the kitchen. According to Mr. Marin, plaintiff was first employed in the kitchen of Three Sisters Restaurant as a cook but was later promoted to the position of executive chef. It does not appear from the record that he could read, write or converse in the English language [2].

An order to show cause why plaintiff should not be deported was issued by the Immigration and Naturalization Service on March 14, 1960. Hearing on the order to show cause was held on March 17, 1960. The decision was deferred for one week in order to permit plaintiff to file an application for adjustment of status. Plaintiff made application on March 22, 1960 for adjustment of status to confer the right of permanent residence pursuant to Section 245 of the Immigration and Nationality Act, 8 U.S.C.A. § 1255. It was found by decision of a Special Inquiry Officer of the Immigration and Naturalization Service on March 30, 1960 that plaintiff was subject to deportation but should be granted the privilege of voluntary departure within such period of time as the District Director of the Service should fix.

Plaintiff's application for adjustment of status was denied by the District Director on July 28, 1960 and the denial was affirmed by the Regional Commissioner on November 7, 1960. The reasons stated for denial of the application for adjustment of status as they appear in the record are quoted as follows:

"Your application, for adjustment of status under Section 245 of the Immigration and Nationality Act has been denied for the following reasons:

"Your application does not warrant favorable consideration in the exer-

cise of discretion in view of the fact that you accepted employment at Three Sisters Restaurant, Dover, N. J. within four days after your admission as a crewman on March 7, 1959."

On May 23, 1960 plaintiff Three Sisters Restaurant, Inc., filed a petition to classify the status of Lechich for issuance of an immigration visa pursuant to Section 203(a)(1)(A) of the Act, 8 U.S.C.A. § 1153(a)(1)(A). It was contended in support of. this application that Lechich was a person whose services were urgently needed by Three Sisters Restaurant because of his technical training, specialized experience and exceptional ability as an executive chef. This petition was approved on November 14, 1960 [3], approval thereof to expire on June 12, 1961.

Plaintiff Three Sisters Restaurant, Inc., is a corporation of New Jersey which operates a large restaurant located on Route 46, Dover, New Jersey. According to evidence which does not seem to be disputed, the restaurant can accommodate 250 customers at one sitting; the average annual receipts are $500,000; and approximately 56 people (payroll record indicates 60) are employed to operate it. It is alleged that approximately sixteen of these employees work in the kitchen. The establishment is described as a first class gourmet restaurant with excellent reputation for the quality of its food and service.

By the provisions of 8 C.F.R. 204.2, implementing § 203(a)(1)(A), a clearance order by the United States Employment Service was required to be attached to the first preference visa petition filed by Three Sisters Restaurant, Inc. The clearance order attached to the petition describes the particular educational requirements, technical training, special-

---

2. Translations are by an Italian interpreter.

3. Stamp on petition shows November 14, 1960 as date of approval. Notice of Approval to Three Sisters Restaurant, Inc., bears date of January 4, 1961. Therein it is stated, "The petition has been approved and forwarded to the United States Consulate at which the beneficiary or beneficiaries will apply for a visa. Any inquiry concerning the issuance of a visa should be directed to that Consulate, Montreal, Canada."

ized experience or exceptional ability which would justify classification of Lechich as qualified for the issuance of a first preference visa. It prescribed as qualifications an ability to read and write English and five years experience as an executive chef with occupational title of executive chef coupled with ability to "supervise and coordinate the work of cooks and other kitchen employees; requisition food supplies. Supervise and assist in the preparation of meats, soups, sauces, vegetables and other foods, to proportion orders and cut meats. Generally supervise the entire operation of kitchen consisting of 16 employees."

On June 2, 1961 the following communication was sent by Deputy District Director W. J. Wyrsch to Three Sisters Restaurant, Inc.:

"Reference is made to your visa petition in behalf of Edoardo Lechich which was approved on January 4, 1961.

"Please be informed that inquiry has disclosed that the beneficiary is not employed in your establishment as an Executive Chef.

"Accordingly you are hereby placed on notice that it is the intention of this office to revoke approval of the petition. However, you will be given until June 19, 1961 within which to offer evidence in support of the petition and in opposition to revocation of the approval. Careful consideration will be given all additional evidence presented by said date before final decision is made."

In response thereto counsel for Three Sisters Restaurant Inc., submitted by letter of transmittal dated June 15, 1961 an affidavit of Leo Marin, president and sole stockholder of Three Sisters Restaurant, a menu, a statement signed by twenty-three employees of the restaurant[4] and a statement by the pastor of Our Lady of the Lake Church, Lake Mo-

hawk, New Jersey. The purport of these proofs was that Lechich was employed by petitioner as an executive chef.

By letter dated July 26, 1961 the following notice was given to petitioner by the Deputy District Director:

"I refer to your visa petition in behalf of Edoardo Lechich which was approved on November 14, 1960. As you know, a notice of intention to revoke the approval of the petition was served on you. Your attorney, Mr. Leon Rosen, has submitted certain evidence in opposition to the revocation of approval.

"In the meantime, because of the passage of time, the approval of the visa petition expired on June 12, 1961.

*"Careful consideration was given to all the evidence presented in the case and you are informed that approval of the petition will not be revalidated."* (Emphasis supplied.)

On October 24, 1961 plaintiffs commenced the action in this court seeking review pursuant to Section 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009, of the agency decisions of the Immigration and Naturalization Service denying the petition of Lechich for adjustment of status and revoking approval of the first preference visa petition obtained in his behalf by Three Sisters Restaurant, Inc. Injunctive relief restraining deportation was also sought. Jurisdiction was alleged under the Declaratory Judgments Act, 28 U.S.C.A. § 2201; § 279 of the Immigration and Nationality Act, 8 U.S.C.A. § 1329 and 28 U.S.C.A. § 1331.

After this action was commenced it was agreed by counsel for Three Sisters Restaurant, Inc. and the United States Attorney that Three Sisters Restaurant, Inc., should have an opportunity to submit a second first preference visa petition on behalf of Lechich and that neither side would move in this action until such

4. The statement to which all subscribed reads: "This is to certify that I have been employed by the Three Sisters Restaurant. I have observed that Edward Lechich has performed as an executive chef. He has full responsibility for the operation of the kitchen."

petition had been processed through the Service[5].

The second first preference visa petition was filed with the Immigration and Naturalization Service on or about November 26, 1962[6]. The clearance order of the United States Employment Service filed with this petition set forth as qualifications that the immigrant be able to "read and write; equivalent of 8th grade education" with occupational title of executive chef whose duties as such were: "Supervises and coordinates the work of cooks and other kitchen employees. Requisitions food supplies. Supervises and assists in the preparation of meats, soups, sauces, vegetables and other foods. Decides portion of orders. Supervises sixteen employees." Experience requirements as an executive chef were limited to three years.

An investigation was conducted by the Immigration and Naturalization Service during the course of which 15 persons, who were or had been employees of Three Sisters Restaurant, Inc., while Lechich was employed there, were interviewed and their statements taken under oath. In addition thereto, Leo Marin and Lechich were also given opportunity to furnish their statements under oath. The District Director concluded on April 3, 1963 that the second first preference visa petition sought by Three Sisters Restaurant, Inc. should be denied. The Notice of Denial setting forth the reasons is quoted as follows:

"Your visa petition in behalf of Edoardo Lechich has been denied for the following reasons:

Although you state the beneficiary has been employed as an executive chef, the beneficiary is listed on your payroll books as a butcher and the preponderance of evidence obtained through inquiry has ascertained that the beneficiary has never been employed by you as an executive chef;

or that he has ever performed the duties required by the clearance order; or that he possesses the three years experience as an executive chef required by the clearance order. The documentary evidence relating to his qualifications merely reflect employment on vessels as a deck boy, kitchen helper, second cook and third cook from 1955 to 1956. It is therefore concluded that the beneficiary does not possess the high skill and ability contemplated by the statute."

An appeal was taken to the Regional Commissioner of the Immigration and Naturalization Service. Upon direction of Deputy Associate Commissioner Robert H. Robinson, addressed to the Regional Commissioner, evidence upon which the District Director relied in reaching his conclusions was to be made available to counsel for Three Sisters Restaurant, Inc. for the purpose of preparation of his brief for appeal. This was subject to one exception *not made known to counsel*. The sworn statement of Mildred O'Melia, a bookkeeper at the restaurant from July 1955 to November 18, 1962, was not to be furnished.

The letter of Deputy Associate Commissioner Robinson dated June 12, 1963 and addressed to Mr. Leon Rosen, counsel for Three Sisters Restaurant, Inc., states:

"Further reference is made to your letter of April 9, 1963, regarding the visa petition by Three Sisters Restaurant, Inc., in behalf of Edoardo Lechich.

"In view of the fact that an appeal is now pending with the Regional Commissioner from the denial of the new visa petition filed in Mr. Lechich's behalf, it is not believed that it is appropriate for this office to take any action in this matter, in the interest of orderly procedure.

"However, we are directing our field office to make available to you *any*

5. See Notice of Call for Dismissal under General Rule 12 filed November 13, 1962.

6. The petition does not bear a stamped date of filing. Letter of transmittal

was dated November 23, 1962. It is alleged that the petition was filed on November 26, 1962.

evidence not heretofore seen by you upon which reliance was had in arriving at the decision."

In a footnote on a copy of that letter sent to the Regional Commissioner, Burlington, Vermont, the following appears:

"It appears that the attorney's complaint regarding the failure to make available to him the evidence upon which the denial order of April 3, 1963, was based, is not without merit. It is noted, that the principal basis for the denial is the report of investigation dated February 7, 1963, including the exhibits thereto. It is further noted that thirteen of the fourteen witnesses interviewed indicated their willingness to appear as witnesses in further hearings or court proceedings, the only exception being Mildred O'Melia. It is, therefore, directed that (text obliterated) excluding any mention of Mildred O'Melia or the testimony given by her be made available to the attorney for his use in the preparation of a brief."

It appears that counsel for plaintiff Three Sisters Restaurant, Inc. was furnished with all of the evidence developed on investigation by the Service with the exception of the sworn statement of Mildred O'Melia dated January 31, 1963. In her statement she relates, among other things, that, "From what I saw, he [Lechich] was in charge of the kitchen and all the employees in the kitchen; * * *." She further relates in some detail the work that she had observed Lechich doing including the preparation of menus. She also stated, "I would not be willing to appear to testify in this matter at any hearing or proceeding in the immigration office in Newark or in any Federal Court because I no longer work for the Three Sisters Restaurant and I don't want to imperil my present job; * * *."

On September 26, 1963 counsel for Three Sisters Restaurant, Inc. appeared before a Regional Representative of the Service Brooks R. Hierstein, an immigrant inspector, and argued orally at length and in detail as to the probative weight of the evidence of which he had knowledge and upon which he believed the District Director had acted. At the conclusion of the hearing he was afforded the opportunity to submit a brief [7]. Counsel did not avail himself of this opportunity.

On December 9, 1963 the Regional Commissioner, J. Leo Bagley, affirmed the decision of the District Director and dismissed the appeal. His written opinion indicates a thorough and careful review of the evidence that he considered and of the oral argument presented by counsel with reference to such evidence.

Thereafter, defendant moved in this action for summary judgment pursuant to Rule 56(b) bringing the entire administrative file to the attention of counsel for plaintiff including the sworn statement of Mildred O'Melia. Counsel for plaintiff then served notice to take depositions of Dominick Rinaldi, District Director; W. J. Wyrsch, Deputy District Director; Robert H. Robinson, Deputy Commissioner of Immigration and Naturalization Service; J. Leo Bagley, Regional Commissioner and Oswald Kramer, Deputy Regional Commissioner. Defendant moved for an order vacating the notice to take depositions.

Prior to the hearing on these motions, the Court raised a question as to subject matter jurisdiction directing attention to the provisions of § 106(a) of the Immigration and Nationality Act, 8 U.S.C.A. § 1105a and to the following cases: Giova v. Rosenberg, 379 U.S. 18, 85 S.Ct. 156, 13 L.Ed.2d 90 (1964); Foti v. Immigration & Naturalization Service, 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963); Skiftos v. Immigration & Naturalization Service, 332 F.2d 203 (7th Cir. 1964); Scalzo v. Hurney, 314 F.2d 675 (3rd Cir. 1963); Lam Man Chi v. Bouchard, 314 F.2d 664 (3rd Cir. 1962); Roumeliotis v. Immigration & Naturalization Service, 304 F.2d 453 (7th Cir. 1962), cert. denied 371 U.S. 921, 83 S.Ct. 288, 9 L.Ed.2d 230,

---

7. He had the opportunity to submit a brief prior to the hearing but did not do so.

with request for briefs on the question of subject matter jurisdiction. Thereafter, counsel agreed in lieu of formal amendment of the pleadings and the pretrial order to amend the pleadings and the pretrial order by formal stipulation of the matters in issue for adjudication stating the same to be:

(a) Was the Immigration and Naturalization Service required to grant the plaintiffs a formal hearing on each of the first preference petitions submitted under Section 203(a) (1) (A) of the Immigration and Nationality Act?

(b) Did the first preference visa petition approved by the Immigration and Naturalization Service on July 28, 1960 remain valid until the issuance of a visa to plaintiff, Lechich, or was it valid until June 12, 1961 as noted by the defendant upon the petition?

(c) Were the plaintiffs entitled to a formal hearing in connection with the proceedings instituted by the defendant for the revocation of the visa petition approved on July 28, 1960?

(d) Was the denial of the second first preference visa petition and the refusal of the defendant to revalidate the first petition arbitrary, capricious, unreasonable and unsupported by reasonable and substantial evidence?

(e) Are the plaintiffs entitled to a trial de novo of the factual issues in the two first preference visa petitions?

(f) Are plaintiffs entitled to take depositions of officers of the Immigration and Naturalization Service concerning the second visa petition on their allegations of prejudgment and lack of due process?

■ This stipulation eliminated any question of subject matter jurisdiction and the matter is now before the Court for review of final agency action on the first preference visa petitions of plaintiff Three Sisters Restaurant, Inc. pursuant to Section 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009. The Court has jurisdiction by provisions of the Declaratory Judgments Act, 28 U.S.C.A. § 2201; § 279 of the Immigration and Nationality Act, 8 U.S.C.A. § 1329 and 28 U.S.C.A. § 1331.

The stipulation was entered upon by ■ The stipulation was entered upon by both plaintiffs through counsel. Plaintiff Edorado Lechich has waived review of denial of adjustment of status and has waived the right to contest the final order of deportation. Therefore, Section 106(a), 8 U.S.C.A. § 1105a vesting exclusive jurisdiction in the Court of Appeals for review of a final order of deportation is no longer applicable to this litigation. The only condition of unequivocal withdrawal and waiver of the issues arising out of denial of adjustment of status and administrative finding of deportability is that " * * * defendant shall refrain from executing or attempting to execute the outstanding final order of deportation against plaintiff Lechich until the final outcome of this litigation, * * *." The Attorney General has the right to suspend deportation or extend the time for departure. See 8 U.S.C.A. § 1254(a); 8 C.F.R. 244.15. Accordingly, the claims for relief asserted by plaintiff Edoardo Lechich in his own behalf by the complaint filed herein will be dismissed both on the basis of the stipulation filed and on the ground that the Court is without jurisdiction and the Court will deal now only with the allegations of plaintiff Three Sisters Restaurant, Inc., relating to the first preference visa petitions filed by that plaintiff pursuant to Section 204 of the Act, 8 U.S.C.A. § 1154.

Plaintiff contends that the petition approved by the Immigration and Naturalization Service on November 14, 1960 remained valid until a visa was issued to Lechich or until the petition was revoked pursuant to a formal hearing. The statute provides in pertinent part that, "The Attorney General may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him * * *." 8 U.S.

C.A. § 1156; see Scalzo v. Hurney, 225 F.Supp. 560 (E.D.Pa.1963). 8 C.F.R. 206.1 implementing the statute provides as to revocation that approval:

"* * * is revoked as of the date of approval in any of the following circumstances:

(a) * * *

* * * * * *

(2) The beneficiary is an alien seeking classification under section 203(a) (1) (A) of the Act and is not issued a visa on or prior to the *expiration date of approval shown on the approved petition*." (Emphasis supplied.)

■ Implicit in the language italicized is the proposition that the Service has the power to place a time limit on the approved petition. Subsequently the Service's discretion as to what that time limit should be was restricted. 8 C.F.R. 204.3 was promulgated on December 21, 1961. It provides:

"If an individual clearance order from the United States Employment Service is required to be submitted, the period of the first-preference petition's validity shall not exceed one year from the endorsement date placed on the clearance order by the Washington office of that Service. When an individual clearance order is not required, the period of validity of the first-preference petition shall not exceed one year from the date of the petition's approval."

Plaintiff's argument that prior to the promulgation of 8 C.F.R. 204.3 the Service could not place a time limit on an approved petition is obviously without merit in view of 8 C.F.R. 206.1(a)(2) quoted above which was in effect when plaintiff's petition was approved. Moreover, the fact that the Service placed a time limit on Lechich's petition before the promulgation of 8 C.F.R. 204.3 specifically authorizing such action is not determinative. A valid condition may be imposed by decision in a specific case as well as by regulation. See S.E.C. v. Chenery Corp., 332 U.S. 194, 201–203,

67 S.Ct. 1575, 91 L.Ed. 1995 (1947); Bergen Dress Co. v. Bouchard, 304 F.2d 145, 147 (3rd Cir. 1962).

The Court finds that the Immigration and Naturalization Service had the authority to approve the first preference visa petition filed by plaintiff on May 23, 1960 subject to a time limitation. A visa was not issued and approval of the petition expired by its own terms on June 12, 1961. Moreover, it appears that plaintiff was permitted the opportunity to submit evidence in opposition to revocation of approval and did submit evidence. Notice to plaintiff of the action taken by the Deputy District Director sets forth that careful consideration was given to this evidence and "that approval of the petition will not be revalidated." See 8 C.F.R. 206.1(c).

■■ Plaintiff did not acquire any definite irrevocable vested right by the conditional approval of the first visa petition and any alleged detriment to it by the mere fact of revocation or failure to revalidate became subject to remedial action by consideration of a second petition on which the qualifications of Lechich by the second clearance order were less exacting. Accordingly, the Court feels that if plaintiff has any ground upon which to rest a complaint, it would be with reference to the proceedings which lead to the denial of the second first preference visa petition.

■■ Plaintiff contends that it was entitled to a full due process hearing in the form of a trial implying the existence of a right to confrontation by witnesses and cross-examination. The Court finds that it did not have such a right. Maggiore Bakery, Inc., et al. v. Esperdy, 238 F.Supp. 374 (S.D.N.Y.1964). The Fifth Amendment to the Constitution is not applicable to a situation of this kind. Congress has the constitutional legislative power to deny aliens admission to this country; to allow them to enter and remain; and to prescribe the terms and conditions upon which they may come in or be compelled to depart. Turner v. Williams, 194 U.S. 279, 24 S.Ct. 719, 48 L.Ed. 979 (1904); see Williams v. Ken-

nedy, 209 F.Supp. 282, at p. 284 (D.C.N. J.1962). In the case of a first preference visa petition filed pursuant to Section 204(b) of the Act, 8 U.S.C.A. § 1154, it is provided by subsection (c):

"After an investigation of the facts in each case, and after consultation with appropriate agencies of the Government, the Attorney General shall, if he determines that the facts stated in the petition are true and that the alien in respect of whom the petition is made is eligible for an immigrant status under section * * 1153(a)(1)(A) of this title, approve the petition * * *."

The appropriate governmental agency for consultation in this case is the United States Employment Service which furnished the clearance order. A thorough investigation was conducted. It included statements taken from 15 employees or former employees of plaintiff and the statements of Lechich and Leo Marin. Counsel for plaintiff was given opportunity to inspect all of these statements with the exception of the statement of Mildred O'Melia, and to present final argument before the Regional Commissioner.

There is no doubt that there was substantial evidence to support the denial of the visa petition and a finding by this Court that the agency action was not arbitrary, capricious or an abuse of discretion on the basis of evidence considered. 5 U.S.C.A. § 1009(e). But one question remains. Were the proceedings essentially fair and in accordance with law? The Court finds that they were essentially fair in all respects with a single exception. It appears that the sworn statement of Mildred O'Melia, a bookkeeper of plaintiff for seven years, was not considered by the Regional Commissioner and that in fact the existence of it was concealed from plaintiff's counsel until defendant brought its motion for summary judgment. Her statement tends to support the contention of plaintiff that Lechich was employed as an executive chef. It also seems that she is not an interested witness. The reason given for

the direction of the Deputy Associate Commissioner to the Regional Commissioner to exclude this statement is that of all witnesses interviewed, all except Mildred O'Melia "indicated their willingness to appear as witnesses in further hearings or court proceedings." Examination of the other statements discloses that only four of the persons interviewed were asked this question. The statements of the others indicate no reference to willingness to appear in "further hearings or court proceedings."

But even if the reason given by the Deputy Associate Commissioner for withholding the statement found support in the record, it would, nevertheless, be essentially unfair to indicate to the Regional Commissioner that on appeal he was not to consider it and was to withhold knowledge of the existence of it from counsel for plaintiff. A right of appeal from the findings of the District Director is of little value if the facts upon which the findings were based are not made available to the petitioner appealing. Suppression of any part of the record is in derogation of procedural due process unless the same be based upon executive privilege or national security.

The discretionary authority of the Attorney General under 8 U.S.C.A. § 1153 to grant or deny a first preference visa is broad, but not so broad as to preclude judicial review of the manner in which that discretion has been exercised. Bergen Dress Co. v. Bouchard, 304 F.2d 145 (3rd Cir. 1962); Roumeliotis v. Immigration and Naturalization Service, 304 F.2d 453 (7th Cir. 1962). In Maggiore Bakery v. Esperdy, supra, the court, adopting the language of United States ex rel. Dolenz v. Shaughnessy, 200 F.2d 288 (2nd Cir. 1952), cert. denied 345 U.S. 928, 73 S.Ct. 780, 97 L.Ed. 1358, (1953) stated that:

"Congress did not see fit to prescribe any procedure to be followed by the Attorney General in performing this duty of designation nor make provision for any particular type of review of his action. *Judicial review is, consequently, limited to whether the*

*procedure was essentially fair."* (Emphasis supplied.)

 It must be emphasized at this point that the Court is not expressing any opinion as to the probative weight that should be given to the statement of Mildred O'Melia considered together with the other evidence. Nor does the Court intend to suggest that the Immigration and Naturalization Service may not reasonably discount the credence to be given to evidence where the affiant expresses unwillingness to testify under oath at a formal hearing where she may be subject to cross-examination. It is the administrative officer's responsibility, not the Court's, to weigh evidence and determine the credibility of witnesses in a situation like this. Flower Furniture Manufacturing Corp. v. Esperdy, 229 F.Supp. 182 (S.D.N.Y.1962). What concerns the Court is the concealment of evidence developed on investigation and the probable suppression of it on appeal by exclusion from the record at the direction of a Deputy Associate Commissioner. Counsel for plaintiff should have had the opportunity to be heard on appeal as to the probative value of this evidence [8]. Where there has been procedural due process and there is substantial evidence to support the findings of the administrative agency, the Court, upon review thereof, must affirm. In this case the Court finds by reason of the foregoing that there was not procedural due process on appeal to the Regional Commissioner and that the matter must be remanded [9].

 Plaintiff's contention that it is entitled to a trial *de novo* is without merit. Todaro v. Pederson, 205 F.Supp. 612 (D.C.N.D.Ohio 1961). Nor is there any merit to plaintiff's contention that, as a matter of right, it may in this litigation take the testimony on deposition of administrative officers of the Service.

The motion of defendant for summary judgment is denied. The motion of defendant to vacate the notices to take depositions is granted. The matter will be remanded to the Service for further proceedings consistent herewith. Jurisdiction will be retained pending disposition of the administrative proceedings.

An appropriate order will be submitted.

---

8. Mildred O'Melia is one of the 23 persons who signed a statement submitted by plaintiff in opposition to the revocation of the first preference visa petition. But the statement in question is detailed and was procured through investigation by the Service in connection with the second first preference visa petition filed by plaintiff.

9. The record before this Court does not indicate clearly whether or not the District Director considered the statement of Mildred O'Melia in reaching his con-

clusion that the petition should be denied. If he did consider *all* of the evidence developed on investigation, his function was appropriately and effectively discharged and remand by this Court would involve no further action on his part except the administrative processing of the entire record on the appeal to the Regional Commissioner (8 C.F.R. 7.13) for the Regional Commissioner's further consideration with prior opportunity on the part of counsel for plaintiff to submit argument.