**Valentine MANTYK, Plaintiff,**

v.

**Walter SAHLI, Director, United States Department of Justice, Immigration and Naturalization Division, Defendant.**

**Civ. A. No. 17747.**

United States District Court
E. D. Michigan, S. D.

March 31, 1958.

Bernard G. Sloan, Lincoln Park, Mich., for plaintiff.

Fred W. Kaess, U. S. Atty., John L. Owen, Asst. U. S. Atty., Detroit, Mich., for defendant.

THORNTON, District Judge.

In a sketchy petition filed in this cause by the attorney for plaintiff, the facts that are presented seem to be these:

That plaintiff American citizen was married on July 17, 1957 to Yuk Ting Liu in Belleville, Michigan;

That plaintiff filed a petition with the United States Department of Justice, Immigration and Naturalization Division, seeking non-quota status for his wife;

That said petition was granted and approval of the non-quota status of his wife was forwarded to the American Consul in Nassau, B. W. I.

The petition alleges that "subsequently the defendant advised the American Counsel (sic) at Nassau, B. W. I. to suspend proceedings as to the entry of Mrs. Mantyk into the United States." The relief sought herein is removal of the "Order of Suspension," so phrased in the complaint, "so that the American Counsel (sic) can proceed to investigate the qualifications of Yuk Ting Liu Mantyk

to enter the United States as a non-quota immigrant." The Government has filed a motion "to dismiss the Order to Show Cause and Petition herein" for lack of jurisdiction.

The Court is of the opinion that no lengthy treatment of this matter is necessary at this time. The Immigration and Naturalization Division of the Department of Justice may carry out orders for the Attorney General in accordance with the powers delegated to it. (8 CFR 9.1–9.6). Reference to 8 U.S.C.A. § 1156 makes it clear that the Attorney General has the power to revoke the approval of a petition such as is involved here, "for what he deems to be good and sufficient cause." If he may revoke the petition, it follows that he may investigate to determine whether he deems there be cause to revoke. This may well involve a delay in the further processing of the approved petition. There is direct authority for the suspension of action in petition cases to be found in 22 CFR 42.28. There is nothing here presented to the Court that confers jurisdiction on the Court, and for this reason

It is hereby ordered and adjudged that the within petition be, and the same is hereby dismissed.