Candida SCALZO

v.

L. W. HURNEY, as District Director of the Immigration and Naturalization Service, Philadelphia, Pennsylvania.

Civ. A. No. 28047.

United States District Court
E. D. Pennsylvania.

Dec. 18, 1963.

Rudolph J. DiMassa, Philadelphia, Pa., for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., and Joseph R. Ritchie, Jr., Asst. U. S. Atty., Philadelphia, Pa., for defendant.

BODY, District Judge.

This case comes before the Court on cross-motions for summary judgment. Plaintiff, Candida Scalzo, alleges that we have jurisdiction under Section 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009, and asks this Court to declare that an order of deportation entered against her is invalid and to permanently enjoin execution thereof. In addition, plaintiff seeks declaratory and injunctive relief with regard to her application for status as a permanent resident.

Mrs. Scalzo, who is an Italian national, entered the United States at Buffalo, New York, from Canada on July 31, 1958 as a visitor for pleasure. The authorization for her to remain in this country was to expire on February 18, 1959. However, on September 5, 1958 plaintiff married Vincenzo Scalzo who is a naturalized citizen of the United States. Her authorization to remain was then extended to October 22, 1959.

On October 30, 1958 the petition for non-quota status which had been filed by plaintiff's husband was approved. This afforded plaintiff the right to obtain non-quota status under the Immigration and Nationality Act, 8 U.S.C.A. §§ 1101(a) and 1255.

The record clearly indicates that Vincenzo and Candida then came to a parting of the ways and the resulting marital discord became and remains today irreparable. Apparently because of this Vincenzo requested that his petition under 8 U.S.C.A. § 1255 be withdrawn. Accordingly, on May 14, 1959 the District Director of Immigration and Naturalization revoked the petition as of

the original approval date. On June 9, 1959 plaintiff's application for adjustment of status was denied.

Vincenzo Scalzo sought, but never obtained, a divorce from plaintiff. On May 25, 1960 he was ordered by the Court of Common Pleas of Philadelphia County to reinstate his application for adjustment of plaintiff's status. In compliance with that order he again filed the application which was denied after hearing. There were subsequent proceedings which ultimately resulted in affirmance of that denial by the Board of Immigration Appeals.

Plaintiff in the meantime had filed an application for adjustment of status pursuant to 8 U.S.C.A. § 1101(a) and 8 U.S.C.A. § 1255. As far as the record indicates, this would doubtless have resulted in plaintiff attaining status as a permanent alien resident.

However, because of the withdrawal of Vincenzo's application and because of the obvious marital discord of which all parties were aware, plaintiff's application was revoked and after hearing a deportation order was entered. Her temporary status had expired and she still remained in this country.

Plaintiff then filed this suit asking that execution of the deportation order be suspended and that the order revoking her application for permanent status be declared null and void. An order was entered staying deportation and the record was transferred to the Court of Appeals for the Third Circuit. It was there decided (314 F.2d 675 (3 Cir. 1963)) that jurisdiction was solely in the District Court in the first instance since plaintiff did not directly attack the deportation order but instead raised the collateral issue of whether or not she had acquired a vested right to the status of a permanent non-quota resident. This Court is therefore concerned with that issue alone. If plaintiff has no such vested right, then there is no reason to stay the deportation order.

Section 245 of the Immigration and Nationality Act, 8 U.S.C.A. § 1255, provides that a resident-citizen claiming that an immigrant is his spouse or child and therefore that the alien is entitled to a permanent non-quota resident status, may petition for such status, and the Attorney General shall approve the application if the averments therein are found to be true. Also, under § 206 of the Immigration and Nationality Act, 8 U.S. C.A. § 1156:

> "The Attorney General may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under sections 1154, 1155, or 1184(c) of this title. Such revocation shall be effective as of the date of approval of any such petition. * * * *"

Thus has Congress clearly indicated that application by a citizen-spouse is not self-operative since good cause found by the Attorney General will justify revocation of a petition which has been once approved.

■ Here Vincenzo's application presumably was filed by him in good faith originally. The subsequent withdrawal was of his own volition. The occurrences which followed indicated without question that Vincenzo had a change of heart and desired no longer to have his wife live with him. The Immigration and Nationality Act contemplates an exception to quota requirements in order to keep families together. Once that purpose is no longer to be served, it would seem that cause for revocation of an approval previously granted is established. There is, therefore, no basis for direct attack upon the revocation of the approval of Vincenzo's petition, nor does he himself ask relief.

■ Counsel for plaintiff claims nevertheless that she acquired a vested right to permanent status when the application of her husband was approved. This is entirely inconsistent with the statutory provision stipulating for revocation of a petition formerly approved. Section 206 of the Immigration and Nationality Act, 8 U.S.C.A. § 1156;

Mantyk v. Sahli, 161 F.Supp. 199 (E.D. Mich.1958).

Also, if plaintiff's husband had never filed an application, plaintiff would have had no reason or basis for complaint. A proper denial of the husband's application amount to the same thing. It is as though no application had been filed at all.

### ORDER

And now, this eighteenth day of December, 1963, it is ordered that plaintiff's Motion for Summary Judgment be and the same is hereby denied.

It is further ordered that defendant's Motion for Summary Judgment be and the same is hereby granted, and the Complaint is dismissed.

It is further ordered that the Order staying deportation proceedings be and the same is hereby vacated.