**HOM SIN, Plaintiff,**

v.

**P. A. ESPERDY, District Director, Immigration and Naturalization Service, United States Department of Justice, Defendant.**

United States District Court
S. D. New York.

Feb. 17, 1965.

See also D.C., 209 F.Supp. 3.

Benjamin Gim, New York City, for plaintiff.

Robert M. Morgenthau, U. S. Atty. for Southern District of New York, James G. Greilsheimer, Asst. U. S. Atty., of counsel, for the United States of America.

PALMIERI, District Judge.

The defendant moves for summary judgment pursuant to Fed.R.Civ.P. 56, on the ground that the plaintiff, an immigrant, does not have standing to bring this declaratory judgment action (28 U. S.C. § 2201) seeking review of a denial by the Immigration and Naturalization Service (the Service) of a petition for first preference status. The administrative proceedings have not been made a part of the record on this motion and are not before the Court. The facts, so far as they appear, are not disputed.

Hom Sin, the plaintiff, is a native and citizen of China. He entered the United States on September 15, 1957, as a non-immigrant crewman under Section 101 (a) (15) (D) of the Immigration and Nationality Act (the Act), 8 U.S.C. § 1101(a) (15) (D). He overstayed his

shore leave permit and was ordered deported on October 30, 1958.

On May 18, 1962, Howard Wee, the proprietor of a Chinese restaurant and the employer of Hom Sin, petitioned the defendant to classify Hom Sin as a first preference quota immigrant, based on his qualifications as a Chinese chef, pursuant to Sections 203(a) (1) and 204 of the Act, 8 U.S.C. §§ 1153(a) (1) and 1154.[1]

The District Director denied the petition and his decision was affirmed by the Regional Commissioner. The Commissioner concluded that the petitioner (Howard Wee) "failed to establish that the position offered calls for or that the beneficiary (Hom Sin) possesses the high degree of skill necessary to warrant a finding of first preference quota eligibility as a supervisory chef."

The employer, Howard Wee, has taken no action to review this ruling. On October 4, 1963, Hom Sin, who is still employed by Howard Wee, instituted this action to review the Service's denial of the petition submitted by Howard Wee. The sole issue before the Court is whether Hom Sin as candidate for first preference quota immigrant status has standing to bring this action.

No objection on jurisdictional grounds has been made, but the jurisdiction of this Court deserves a brief discussion. The District Court's jurisdiction is based on 28 U.S.C. § 2201 (the Declaratory Judgment Act); 5 U.S.C. § 1009 (see infra note 3); 8 U.S.C. §§ 1153(a) (1) and 1154 (see supra note 1); 8 U.S.C. § 1329.[2] See Bergen Dress Co. v. Bouchard, 304 F.2d 145 (3d Cir. 1962).

The United States Court of Appeals for the Seventh Circuit has viewed the jurisdictional question differently. In Skiftos v. Immigration & Naturalization Serv., 332 F.2d 203 (7th Cir. 1964) and Roumeliotis v. Immigration & Naturalization Serv., 304 F.2d 453 (7th Cir. 1962), that court held that the denial of a preference petition such as the one in question here was ancillary to a deportation order and, therefore, jurisdiction for review of the denial was lodged in the Courts of Appeal. Cf. Foti v. Immigration & Naturalization Serv., 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963). 8 U.S.C. § 1105.

1. Section 203(a) (1) provides:
"(a) Immigrant visas to quota immigrants shall be allotted in each fiscal year as follows:
"(1) The first 50 per centum of the quota of each quota area for such year, plus any portion of such quota not required for the issuance of immigrant visas to the classes specified in paragraphs (2) and (3) of this subsection, shall be made available for the issuance of immigrant visas (A) to qualified quota immigrants whose services are determined by the Attorney General to be needed urgently in the United States because of the high education, technical training, specialized experience, or exceptional ability of such immigrants and to be substantially beneficial prospectively to the national economy, cultural interests, or welfare of the United States, and (B) to qualified quota immigrants who are the spouse or children of any immigrant described in clause (A) of this paragraph if accompanying or following to join him."

Section 204(b) provides:
"(b) Any person, institution, firm, organization, or governmental agency desiring to have an alien classified as an immigrant under section 1101(a) (27) (F) (i) or 1153(a) (1) (A) of this title shall file a petition with the Attorney General for such classification of the alien. The petition shall be in such form as the Attorney General may by regulations prescribe and shall state the basis for the need of the services of such alien and contain such additional information and be supported by such documentary evidence as may be required by the Attorney General. The petition shall be made under oath administered by any individual having authority to administer oaths, if executed in the United States, but, if executed outside the United States, administered by a consular officer."

2. Section 1329 provides in pertinent part:
"The district courts of the United States shall have jurisdiction of all causes, civil and criminal, arising under any of the provisions of this subchapter."

This Circuit has not passed on the point, but there are strong reasons why the Seventh Circuit should not be followed. The decision challenged here is neither a deportation order nor—as in Foti—the denial of a petition to suspend deportation. Although there is a deportation order outstanding, that order is not contested, and the Service has stated that Hom Sin is not in imminent danger of deportation. The Service, furthermore, has urged that jurisdiction does exist in this Court. This indicates it does not fear dilatory tactics here which so concerned the Supreme Court in the Foti case, even though Hom Sin has fought other court battles. See Hom Sin v. Esperdy, 209 F.Supp. 3 (S.D.N.Y. 1962). In addition, doubt was cast on the Skiftos decision by the Court of Appeals for the Fifth Circuit in Samala v. Immigration & Naturalization Serv., 336 F.2d 7, 13 (5th Cir. 1964). See also Mendez v. Major, 340 F.2d 128 (8th Cir. 1965); Lam Tat Sin v. Esperdy, 227 F. Supp. 482, 484 (S.D.N.Y.), aff'd, 334 F.2d 999 (2d Cir. 1964). Finally, similar actions have been entertained by the Court for this District. Maggiore Bakery, Inc. & Baiardi v. Esperdy, 238 F. Supp. 374 (S.D.N.Y.1964); Colwin & Cuchi-Ortega v. Esperdy, 63 Civ. 3039, S.D.N.Y., Oct. 20, 1964; Flower Furniture Mfg. Corp. v. Esperdy, 229 F.Supp. 182 (S.D.N.Y.1962).

The defendant's motion to dismiss stems from the contention that Hom Sin is not vested with standing under Section 10 of the Administrative Procedure Act (A.P.A.), 5 U.S.C. § 1009.[3]

Section 10 of the A.P.A. provides for two principal tests of standing. First, is the plaintiff "suffering legal wrong because of any agency action"; second, is the plaintiff "adversely affected or aggrieved by such action within the meaning of any relevant statute." [4]

The Service contends that no "legal wrong" has been suffered by anyone here. It concedes, however, that Howard Wee, the petitioner in the administrative proceedings, has been "adversely affected" within the meaning of the Act and is endowed with standing.

"Legal wrong" has been defined as "a wrong which directly results in the violation of a legal right." Alabama Power Co. v. Ickes, 302 U.S. 464, 479, 58 S.Ct. 300, 303, 82 L.Ed. 374 (1938). The wrong must be either one cognizable at common law, or in violation of an interest created by the Constitution or by statute. Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 152, 71 S.Ct. 624, 95 L.Ed. 817 (1951) (Frankfurter, J., concurring). Here there is no common law cause of action and it would appear that any statutory wrong would be comprehended by the second provision in § 10(a) of the A.P.A., viz., "adversely affected or aggrieved * * * within the meaning of any relevant statute." There is, however, an allegation by Hom Sin of a denial of due process. This alleged constitutional violation occurred when the District Director relied on a secret, ex parte investigation of the qualifications of Hom Sin. The Service thus far has offered no argument to gainsay the contention, although it undoubtedly will if this action is allowed to proceed.

There is, therefore, an allegation of a legal wrong and the Service concedes

3. Section 1009 provides in part:
   "§ 1009. Judicial review of agency action
   "Except so far as (1) statutes preclude judicial review or (2) agency action is by law committed to agency discretion.
   "Rights of review
   "(a) Any person suffering legal wrong because of any agency action, or adversely affected or aggrieved by such action within the meaning of any relevant statute, shall be entitled to judicial review thereof."

4. Hom Sin has argued that a person need only be adversely affected in fact in order to have standing. This contention lacks validity. Kansas City Power & Light Co. v. McKay, 96 U.S.App.D.C. 273, 225 F.2d 924, 932, cert. denied, 350 U.S. 884, 76 S.Ct. 137, 100 L.Ed. 780 (1955).

that someone has been adversely affected within the meaning of the Act. The crucial question, though, is who has suffered —Hom Sin or Howard Wee. The answer to this question is pivotal to both the "legal wrong" and "adversely affected" tests of standing.

As noted, the Service maintains that Howard Wee is the only party "adversely affected or aggrieved * * * within the meaning of any relevant statute." It arrives at this conclusion from its view of the plan of the statute and regulations. The petition system which has been created, it says, "reflects the fact that Congress' primary concern in this area is not with the status of an alien but with the need for the skill or ability of an alien by an American employer." It is urged, therefore, that it is the Howard Wees and not the Hom Sins with whom the immigrant preference provisions are concerned. Even if this were so, it does not necessarily follow that the immigrant must under all circumstances be regarded as a mere onlooker, and not as one "adversely affected or aggrieved." Here, the relationship of employment is still outstanding and presumably the economic interests put forward by the employer as a basis for preferential status retain whatever validity they had when placed before the immigration authorities. Their decision was as clearly adverse to the employee (Hom Sin) as to the employer (Howard Wee). If the authorities can be proved wrong on review, a conclusion which is purely conjectural at this stage of the proceedings, both the rights of the employer (to specailized services of the immigrant) and of the employee (to preferential immigrant status) will have been redressed at the same time.

Thus, the difficulty with the Service's position is that it assumes the issue here

presented must be decided on a *vel non* basis. In fact, both Howard Wee and Hom Sin are aggrieved parties within the purview of the statute. See Skiftos v. Immigration & Naturalization Serv., supra, and Roumeliotis v. Immigration & Naturalization Serv., supra (actions brought by employee alone); Maggiore Bakery, Inc. & Baiardi v. Esperdy, supra, and Colwin & Cuchi-Ortega v. Esperdy, supra (actions brought jointly by employer and employee).

While it is true that the petition is brought by the employer on behalf of the alien, and while it is true that it must be established that there is an urgent business need for the alien, nonetheless the fact cannot be escaped that it is the status of the alien with which the statute is concerned. He is more than merely incidentally affected by the District Director's ruling on such a petition. It is his own status which is at stake. Cf. Truax v. Raich, 239 U.S. 33, 38–39, 36 S.Ct. 7, 60 L.Ed. 131 (1915). To the alien the ruling might involve " * * * all that makes life worth living." See Ng Fung Ho v. White, 259 U.S. 276, 284, 42 S.Ct. 492, 495, 66 L.Ed. 938 (1922). For an alien like the plaintiff, uprooted from his homeland, and thousands of miles away, with the requisite employment relationship allegedly established, the adverse administrative ruling is the direct cause of his grievance under the statute.

This consideration serves to distinguish this case from those in which a competitor was denied standing to challenge detrimental governmental action. E. g., Tennessee Elec. Power Co. v. TVA, 306 U.S. 118, 59 S.Ct. 366, 83 L.Ed. 543 (1939); Kansas City Power & Light Co. v. McKay, supra.[5] It cannot be argued that this case is analogous to those cases by saying that what Hom Sin is really

---

5. The cited cases would clearly prevent a non-preferred immigrant, who had not himself applied for a preference, from challenging the granting of a preference to someone else. Although "adversely affected" because the line in front of him would have been lengthened, he would be an example of a person aggrieved in fact only. See also Texas State AFL–CIO v. Kennedy, 117 U.S.App.D.C. 343, 330 F. 2d 217, cert. denied, 379 U.S. 826, 85 S. Ct. 54, 13 L.Ed.2d 36 (1964).

challenging is a preference given to his "competitors"—i. e., other applicants for preferred status. This argument cannot prevail because here the Service admits that the denial of this very petition is in fact reviewable; it merely disagrees as to who may seek review. In fact, denials of such petitions are frequently reviewed, and have even been reviewed in actions brought by the alien himself (although standing was not considered). Skiftos v. Immigration & Naturalization Serv., supra; Roumeliotis v. Immigration & Naturalization Serv., supra.

One last point should be made. There is a general tendency to favor judicial review of administrative action which is especially powerful in immigration and naturalization cases. See Estrada v. Ahrens, 296 F.2d 690, 695 (5th Cir. 1961).

The reason why Howard Wee has failed to bring this action, according to the affidavit of the plaintiff's attorney, stems from the fact that he himself is an alien and is afraid that a suit brought by him against the Service might jeopardize his own status. There is no indication that Howard Wee will not be available as a witness and the Service should have no difficulty in establishing whether Hom Sin's services are still needed—a contingency which the Service argued might explain an employer's failure to seek review. In addition, the Service is still protected by the fact that the petition must always be brought initially by the employer.

The question involved here is simply who may initiate the process of review at the judicial level. A denial of this recourse to the petitioner would run counter to the liberal policy of judicial review already referred to, and would leave the petitioner helpless despite the possible merits of the underlying case for preferential status.

■ Hom Sin has standing to challenge the Service's action and, therefore, the defendant's motion for summary judgment must be denied.

It is so ordered.