Aquelino Jose **PACHECO PEREIRA**,
Petitioner,

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE**, Respondent.

No. 6429.

United States Court of Appeals
First Circuit.

Heard March 2, 1965.

Decided March 18, 1965.

William F. Long, Jr., Fall River, Mass., for appellant.

John M. Callahan, Asst. U. S. Atty., with whom W. Arthur Garrity, Jr., U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, WATERMAN,* Circuit Judge, and GIGNOUX, District Judge.

PER CURIAM.

This is a petition to review a decision of the Immigration and Naturalization Service, hereinafter Service, affirmed by the Board of Immigration Appeals, in which the Service determined that petitioner was not entitled to adjustment of status and must depart the country. Petitioner is a Portuguese alien who entered as a visitor for pleasure in February 1964. On April 4 he married a resident United States citizen, who shortly thereafter filed a petition with the Service requesting that his status be changed to that of a nonquota immigrant pursuant to 8 U.S.C. § 1155(b). Petitioner's leave to remain as a visitor expired on June 1. On June 4, before the Service had acted on her petition for change in her husband's status, the wife requested that it be withdrawn. The Service acceded. Meanwhile, on April 15, petitioner had applied for adjustment of status to that of a permanent resident pursuant to 8 U.S.C. § 1255. Upon the withdrawal of the wife's petition his application was denied, since he could no longer qualify for nonquota status, and he was thereupon ruled to be deportable. Petitioner's unsuccessful appeal to the Board of Immigration Appeals has left

him with permission to depart the country voluntarily, and nothing else.

We find no merit in the petition for review. As the court stated in Scalzo v. Hurney, D.C.E.D.Pa., 1963, 225 F. Supp. 560, aff'd, 3 Cir., 1964, 338 F.2d 339, an alien in petitioner's position has no personal right to become a nonquota immigrant. The right lies in the citizen spouse who wishes to keep the family together. Not only does the alien acquire no vested right by the citizen spouse's filing a petition, but approval of that petition merely renders the alien spouse eligible for immigrant status. Amarante v. Rosenberg, 9 Cir., 1964, 326 F.2d 58. Even after approval of a section 1155 petition the Attorney General could revoke the approval, terminating the alien spouse's eligibility. 8 U.S.C. § 1156. Under the applicable regulation this revocation is automatic if the citizen spouse requests the withdrawal. 8 C.F.R. § 206.1(b) (1). We must say that it is not clear to us why this determinative regulation was never mentioned until oral argument in this court.

Affirmed.