**Mrs. Kuniko Haraguchi WRIGHT,**
**Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 17265.**

United States Court of Appeals
Sixth Circuit.

June 22, 1967.

Philip M. Carden, Nashville, Tenn., for petitioner.

Paul R. Walsh, Atty., Dept. of Justice, Washington, D. C. (Robert M. Draper, U. S. Atty., Charles G. Heyd, Asst. U. S. Atty., Cincinnati, Ohio, on the brief; Maurice A. Roberts, Atty., Dept. of Justice, Washington, D. C., of counsel), for respondent.

Before WEICK, Chief Judge, COMBS, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

Petitioner, a native of China but a citizen of Japan, was admitted to the United States as a visitor for pleasure for a six months' period. Shortly before the expiration of that period she married an American citizen. Her husband filed a petition with the Immigration and Naturalization Service to have her classified as a nonquota immigrant. The petition was approved.

Within a period of one month petitioner filed an action for divorce in the state court and her husband then withdrew the petition which he had filed to have her classified as a nonquota immigrant. The Service revoked its approval of the petition. Petitioner was notified that she would have to depart from the United States on or before a certain date and upon her failure to leave, deportation proceedings were instituted against her.

In the deportation proceedings petitioner was represented by counsel and after hearing, the deportation order under review here was issued.

It is claimed that petitioner acquired a status when the Service approved her husband's petition to classify her as a nonquota immigrant and that she was deprived of due process of law when her husband withdrew the petition and the Service revoked its approval without notice to her and without giving her an opportunity to be heard. In our opinion this contention is without merit.

An alien does not obtain a vested right upon approval of a visa petition. Amarante v. Rosenberg, 326 F.2d 58 (9th Cir. 1964). A citizen who files a visa petition has a right to withdraw it and upon notice of withdrawal to the Service, revocation of approval is automatic. This result follows logically because it was the citizen's petition which was approved in the first place. The regulations do not provide for a hearing on either the approval or revocation of a petition. United States ex rel. Stellas v. Esperdy, 366 F.2d 266 (2nd Cir. 1966); Pacheco-Pereira v. Immigration and Naturalization Service, 342 F.2d 422 (1st Cir. 1965); Scalzo v. Hurney, 225 F. Supp. 560 (E.D.Pa., 1963), aff'd 338 F. 2d 339 (3rd Cir. 1964) cert. denied 382 U.S. 849, 86 S.Ct. 93, 15 L.Ed.2d 87.

The Special Inquiry Officer denied petitioner's application for voluntary departure and she advised the Board of Immigration Appeals that she was not appealing therefrom. The Service has discretion to stay the proceedings if the alien needs additional time to settle her business affairs. Counsel has advised us that a divorce has since been granted by the state court.

We find no abuse of discretion in the refusal of the Service to terminate the deportation proceedings.

The order of deportation is affirmed.