## MATTER OF VARELA

### In Visa Petition Proceedings

### A–19184691

*Decided by Board February 6, 1970*

Visa petition to accord beneficiary immediate relative status was properly denied since upon the death of the United States citizen petitioner, beneficiary was no longer the spouse of a citizen and, hence, not entitled to status as an immediate relative.

ON BEHALF OF PETITIONER:        ON BEHALF OF SERVICE:
Esther M. Kaufman, Esquire        Irving A. Appleman
Room 102        Appellate Trial Attorney
1823 L Street, N.W.
Washington, D.C. 20036

Norman Stiller, Esquire
995 Market Street, Suite 1018
San Francisco, California 94103
(Attorney of Record)

This case is before us on appeal from a decision rendered by the District Director at San Francisco on August 25, 1969, denying the petition because of the petitioner's demise. The appeal will be dismissed.

There is no dispute as to the basic facts of this matter. The petitioner acquired United States citizenship through naturalization in 1943. On June 23, 1969, in Reno, Nevada, he married the beneficiary, a native and national of the Republic of the Philippines. On July 9, 1969, he submitted a petition to have the beneficiary classified as an immediate relative for issuance of an immigrant visa. This petition was received by the Service on the following day, July 10, 1969. In the same month the petitioner, a petty officer in the United States Naval Reserve, was recalled to active duty. On August 2, 1969, while still on active duty, he died of a heart attack.

Obviously, the only issue presented for our consideration is whether the District Director properly denied the visa petition on the ground that, with the death of the petitioner, the beneficiary

was not entitled to status as an immediate relative, as the spouse of a United States citizen. For the following reasons, our answer is in the affirmative.[1]

Subsection (a) of section 204 of the Immigration and Nationality Act (8 U.S.C. 1154) provides that a United States citizen claiming that an alien is entitled to immediate relative status under section 201 (b) of the Act (8 U.S.C. 1151) may file a petition with the Attorney General for such classification. Subsection (b) thereof stipulates that the Attorney General shall approve the petition if, after investigation of the facts, he determines that they are true as stated in the petition and that the alien on behalf of whom the petition is made is an immediate relative. Viewing these provisions of the law in the light of the facts recited above, it is clear that the District Director properly denied the petition. Simply stated, at the time of his decision the beneficiary was not the spouse of a United States citizen. His death had stripped her of that status.

A question has been raised as to the beneficiary's standing under the law to prosecute this appeal (oral argument, p. 6).[2] The point requires only this passing comment, however, since we will dispose of her supporting arguments on the merits.

We find inapplicable here the case of *Pierno* v. *INS*, decided by the United States Court of Appeals for the Second Circuit on July 9, 1968 (397 F.2d 949). That case involved revocation of an approved visa petition, under former section 206 of the Immigration and Nationality Act (8 U.S.C. 1156) and the related regulations, 8 CFR 206.1(b)(2), whereas here the petition was never approved. Second, there was an unduly prolonged delay in completion of the investigation in the *Pierno* case because of a groundless suit brought by a person not even a party to the immigration proceedings, while here the death of the petitioner followed the filing of the petition by approximately three weeks, and the District Director's denial followed approximately three weeks

---

[1] The District Director also denied the beneficiary's concomitant application for adjustment of her status to that of a permanent resident, under section 245 of the Immigration and Nationality Act (8 U.S.C. 1255), finding her to be a nonpreference immigrant for whom an immigrant visa was not immediately available under the nonpreference portion of the quota for the Republic of the Philippines, to which she was chargeable; and he granted her 25 days within which to depart from the United States voluntarily.

[2] *Scalzo* v. *Hurney*, 225 F. Supp. 560 (U.S.D.C., E.D. Pa., December 18, 1963); aff'd 338 F.2d 339 (3 Cir., 1964); cert. denied 382 U.S. 849 (October 1965). Cf. *Hom Sin* v. *Esperdy*, 239 F. Supp. 903 (U.S.D.C., S.D.N.Y., February 17, 1965).

later. Third, former section 206 of the Act, upon which the revocation was predicated in the *Pierno* case, was permissive, whereas section 204 on which the present case is predicated requires the existence of a citizen spouse as a condition precedent to the granting of status as an immediate relative.

Finally, we are aware of the sympathetic features of this case stemming from the fact that the beneficiary is the widow of a citizen who died while on active duty status in the Armed Forces of the United States. Nevertheless, we find it of no assistance to her here that section 319 of the Immigration and Nationality Act (8 U.S.C. 1430) was amended on June 29, 1968, to provide that a person similarly situated may be naturalized without any required period of residence.³ Suffice it to say, in this connection, that the Congress has not seen fit to similarly amend section 204 of the Act, which controls here, and as that controlling section of the law now stands the District Director has correctly decided the case. Accordingly, no change is warranted in his decision, for the reasons hereinbefore set forth.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.

**SEPARATE OPINION: Thomas J. Griffin, Member**

In the interest of legal precision I find it necessary to file a separate opinion in these proceedings.

It is my position that the appellant herein has no legal standing to prosecute an appeal to this Board. Accordingly, any consideration of the merits of the appeal is totally unwarranted.

The majority decision notes the issue of standing and cites two cases on this issue in its footnote at page 3. With the possible exception of the *Hom Sin* v. *Esperdy* case,¹ which is patently distinguishable from the proceedings herein, the courts have uniformly and unanimously held that no alien has a personal vested right to become beneficiary of a visa petition.²

---

³ Formerly, such a person lost all rights to the expeditious naturalization provided for spouses of citizens living with them in marital union, if their spouses died, even though death occurred in combat or while on an active duty status.

¹ 239 F. Supp. 903 (U.S.D.C., S.D.N.Y., February 17, 1956).

² *Scalzo* v. *Hurney*, 225 F. Supp. 560 (U.S.D.C., E.D. Pa., December 18, 1963), aff'd 338 F.2d 339 (3 Cir., 1964); cert. denied 382 U.S. 849 (October 11, 1965). *Wright* v. *Immigration and Naturalization Service*, 379 F.2d 275 (1967), cert. denied 19 L.Ed. 279. *Pacheco Pereira* v. *Immigration and Natu-*

The instant case suffers from greater infirmities than those cited above in that this petition was never even acted upon by the Immigration and Naturalization Service. For these reasons I would dismiss the appeal solely for lack of standing on the part of the appellant.

---

*lization Service,* 342 F.2d 422. *United States ex rel. Stellas* v. *Esperdy,* 9 F. Supp. 85 (1966), aff'd 366 F.2d 266.