# MATTER OF SANO

## In Visa Petition Proceedings

## A-23114185

### Decided by Board October 29, 1985

(1) An appeal from the denial or revocation of a visa petition may be filed only by the petitioner.

(2) Since the appellate jurisdiction of the Board of Immigration Appeals is defined by the regulations set forth in 8 C.F.R. § 3.1(b) (1985), the Board has no jurisdiction over a particular matter unless it has been affirmatively granted by the regulations.

(3) Under 8 C.F.R. § 3.1(b)(5) (1985), the Board's authority to review decisions on visa petitions is limited to that accorded by Part 204 of the regulations, which provides only for an appeal by the petitioner.

(4) Since the Board's jurisdiction over decisions on visa petitions is limited to appeals by the petitioner, the Board lacks jurisdiction to address an appeal by the beneficiary from the denial of a visa petition. *Matter of Varela*, 13 I&N Dec. 453 (BIA 1970), modified.

(5) The regulation at 8 C.F.R. § 3.1(c) (1985), which grants the Board power to certify cases, permits certification only to matters within the Board's appellate jurisdiction as set forth in 8 C.F.R. § 3.1(b) (1985).

(6) Since the Board lacks authority to review an appeal by a beneficiary from the denial of a visa petition, such an appeal also may not be reviewed upon certification. *Matter of Arteaga-Godoy*, 14 I&N Dec. 226 (BIA 1972), overruled.

ON BEHALF OF BENEFICIARY:
William F. Thompson III, Esquire
Blackfield Hawaii Building
1221 Kapiolani Blvd., Penthouse Suite
Honolulu, Hawaii 96814

ON BEHALF OF SERVICE:
Terry A. Smith
General Attorney

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

The United States citizen petitioner, now deceased, filed a visa petition on behalf of the beneficiary to accord her immediate relative status as his spouse on May 24, 1983. The petition was not approved by the time of the petitioner's death on September 14, 1983, and was therefore denied by the district director in a decision dated December 1, 1983. The beneficiary, through counsel, has ap-

pealed from that decision. The appeal will be dismissed for lack of jurisdiction.

On appeal the beneficiary argues that she should be accorded immediate relative status because the Immigration and Naturalization Service unreasonably delayed adjudication of the visa petition. She claims that such actions constitute affirmative misconduct, which warrants a grant of the petition. The Service contends that the beneficiary has no right to appeal the district director's decision following the death of the petitioner and that, in any case, the beneficiary's estoppel argument is without merit.

We must first address the question of the beneficiary's standing to pursue this appeal. According to the regulation at 8 C.F.R. § 204.1(a)(3) (1985), when the district director renders a decision denying a visa petition, the "petitioner will be notified of the decision . . . and of the petitioner's right to appeal to the Board. . . ." *See also* 8 C.F.R. § 204.1(d)(4) (1985). In interpreting this regulation the Board has determined that an appeal from the denial of a visa petition may be filed only by the petitioner. *See Matter of DaBaase*, 16 I&N Dec. 720 (BIA 1979); *Matter of Kurys*, 11 I&N Dec. 315 (BIA 1965); *see also Matter of Anabo*, 18 I&N Dec. 87 (BIA 1981); *Matter of Arteaga-Godoy*, 14 I&N Dec. 226 (BIA 1972); 1A C. Gordon & H. Rosenfield, *Immigration Law and Procedure* § 3.5h (rev. ed. 1985). We have likewise held that only the petitioner can appeal from the revocation of a previously approved visa petition. *Matter of C-*, 9 I&N Dec. 547 (BIA 1962); *see also* 8 C.F.R. § 205.2(b) (1985). Judicial opinion has been in accord. *See Joseph v. Landon*, 679 F.2d 113 (7th Cir. 1982); *Scalzo v. Hurney*, 225 F. Supp. 560 (E.D. Pa. 1963), *aff'd per curiam*, 338 F.2d 339 (3d Cir. 1964), *cert. denied*, 382 U.S. 849 (1965); *see also Wright v. INS*, 379 F.2d 275 (6th Cir.), *cert. denied*, 389 U.S. 928 (1967); *Pacheco Pereira v. INS*, 342 F.2d 422 (1st Cir. 1965). *But see Hom Sin v. Esperdy*, 239 F. Supp. 903 (S.D.N.Y. 1965).

The beneficiary asserts that the Board can assume jurisdiction upon certification pursuant to 8 C.F.R. § 3.1(c) (1985) to avoid the question of the beneficiary's standing to appeal and requests that we do so in this case. She cites our decision in *Matter of Varela*, 13 I&N Dec. 453 (BIA 1970), where the Board considered a similar appeal by a beneficiary following the petitioner's death. In that case we noted the question of standing but proceeded to decide the issue presented on its merits. We have also previously accepted jurisdiction upon certification to circumvent the issue of the beneficiary's lack of standing. *Matter of Arteaga-Godoy, supra*. We now find our review in those cases to have been inappropriate.

As we recently stated in *Matter of Zaidan*, 19 I&N Dec. 297 (BIA 1985), the Board's appellate jurisdiction is defined by the regula-

tions set forth in 8 C.F.R. § 3.1(b) (1985). Unless the regulations affirmatively grant us power to act in a particular matter, we have no appellate jurisdiction over it. *Matter of Sum*, 13 I&N Dec. 65 (BIA 1968). Under 8 C.F.R. § 3.1(b)(5) (1985), an appeal will lie to the Board from "[d]ecisions on petitions filed in accordance with section 204 of the act . . . *as provided in Parts 204 and 205*, respectively, of this chapter." (Emphasis added.) As we have noted, the regulations in Part 204 provide solely for an appeal to the Board by the petitioner. *See* 8 C.F.R. § 204.1(a)(3) (1985). Inasmuch as the only authority accorded to the Board by the regulations under Part 204 relates to appeals by the petitioner, we find that our jurisdiction is limited to such appeals. We therefore conclude that we lack jurisdiction to address an appeal by the beneficiary from the denial of a visa petition. *Cf. Matter of Zaidan, supra*. To the extent that our decision in *Matter of Varela, supra*, conflicts with this conclusion, it is hereby modified.

Since we have not been granted authority by the regulations to review the beneficiary's appeal, we are also unable to assume jurisdiction over the matter by certification. The regulation that gives us the power to certify cases permits certification only to matters within our appellate jurisdiction as set forth in 8 C.F.R. § 3.1(b) (1985). *See* 8 C.F.R. § 3.1(c) (1985); *Matter of Vrettakos*, 14 I&N Dec. 593 (BIA 1973, 1974). Inasmuch as the Board lacks authority to review an appeal by a beneficiary from the district director's denial of a visa petition, we conclude that we are likewise precluded from certifying such a case. To the extent that *Matter of Arteaga-Godoy, supra*, is contrary, it is overruled.

Accordingly, the beneficiary's appeal will be dismissed for lack of jurisdiction.

As the Board lacks jurisdiction over the appeal,

**IT IS ORDERED:** that the record of proceedings be returned to the local office of the Immigration and Naturalization Service without further action.