927 F.2d 596
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Alexandra LADICOS, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 90-1503.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 12, 1991.
Decided March 8, 1991.
 
 On Petition for Review of an Order of the Immigration and Naturalization Service.
 Augustus Anninos, Norfolk, Va., for petitioner.
 Stuart M. Gerson, Assistant Attorney General, Mark C. Walters, Assistant Director, Stewart Deutsch, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for respondent.
 I.N.S.
 AFFIRMED.
 Before PHILLIPS and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Alexandra Ladicos, a citizen of Greece, entered the United States on June 3, 1985, as a visitor for pleasure authorized to stay until December 2, 1985. Her son, Nicholas Axarlis, arrived on September 11, 1985, as a visitor for pleasure authorized to stay until March 10, 1986. In July 1985, Mrs. Ladicos married a United States citizen, who filed a visa petition on her behalf. However, on November 12, 1985, the parties separated, and the husband withdrew the visa petition. The withdrawal had the effect of automatically revoking approval of the petition, which resulted in the denial of her application for status as a permanent resident. The Immigration and Naturalization Service ("INS") gave her until December 12, 1985, to voluntarily depart.
 
 
 2
 Both Mrs. Ladicos and her son stayed past their departure dates. They were issued orders to show cause, which charged them with overstaying their visitation periods. Following a hearing, they were found deportable and were permitted to depart voluntarily in lieu of deportation.
 
 
 3
 The Board of Immigration Appeals dismissed their appeal on January 31, 1990. It found that Mrs. Ladicos was not entitled to a hearing on the denial of permanent resident status and that the circumstances surrounding the dissolution of her marriage were not relevant.
 
 
 4
 On a petition for review to this Court, Mrs. Ladicos claims that she was entitled to a hearing from the INS to determine whether her marriage was fraudulent. She claims that once the petition was filed by the husband and approved, her status became permanent. She rests on a self-styled equal protection argument--she claims the government unconstitutionally inquired into her family's living arrangements.
 
 
 5
 An approved visa petition is simply a preliminary step in the visa application process. Tongatapu Woodcraft Hawaii, Ltd. v. Feldman, 736 F.2d 1305, 1308 (9th Cir.1984). It does not guarantee a visa or a right to remain in the United States. Id. When a citizen spouse files a visa petition on behalf of the alien spouse, the citizen may withdraw his petition whether or not approval has issued. See Pacheco Pereira v. INS, 342 F.2d 422, 423 (1st Cir.1965). Revocation of approval is automatic. 8 C.F.R. Sec. 205.1(a)(1). Because the right rests with the citizen spouse who wishes to keep the family together, the alien spouse is not entitled to notice or a hearing before revocation. Id.; Wright v. INS, 379 F.2d 275, 276 (6th Cir.), cert. denied, 389 U.S. 928 (1967). Finally, since the alien spouse has no vested right to permanent status after the approval of a visa petition, only the citizen spouse has standing to challenge the agency's revocation. Joseph v. Landon, 679 F.2d 113, 116-17 (7th Cir.1982).
 
 
 6
 In sum, Mrs. Ladicos had no right to a hearing on the circumstances of her marriage, she obtained no rights after the initial approval of her husband's visa petition filed on her behalf, and her equal protection argument has no application to the facts of this case. Without the visa petition, her status became that of a nonpreference applicant for immigrant status. Neither she nor her son challenges the evidence that they are not entitled to nonpreference immigrant status or that they have overstayed their visitation periods. Accordingly, we find that the deportation orders for both were supported by reasonable, substantial, and probative evidence on the record considered as a whole. See Hernandez-Garza v. INS, 882 F.2d 945, 947 (5th Cir.1989).
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.