

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-5-2008

# Lastimosa v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1525

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

## Recommended Citation

"Lastimosa v. Atty Gen USA" (2008). *2008 Decisions*. Paper 1060.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1060

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-1525
_____

ALVARO LASTIMOSA, JR.;
AMIABLE LASTIMOSA;
ANGELI LASTIMOSA,

Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A70-702-315, A70-702-317 & A70-702-318
(U.S. Immigration Judge:  Honorable Henry S. Dogin)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 4, 2008
Before:  SCIRICA, Chief Judge, CHAGARES and ALDISERT, Circuit Judges.

(Filed: June 5, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM.

Alvaro Lastimosa and his daughter, Angeli Lastimosa, are natives and citizens of

the Philippines who entered the Untied States in June 1992 as visitors with permission to

remain for six months.[1]  They overstayed their period of admission, however, and applied

to adjust their status based on the approved immediate relative visa petition (Form I-130)

of Alvaro Lastimosa's mother, a United States citizen.  A fourth preference visa became

available in June 2004.  By that time, however, Alvaro Lastimosa's mother had died,

resulting in automatic revocation of the visa petition.  See 8 C.F.R. § 1205.1(a)(3)(i)(B).

Consequently, the petitioners sought to substitute an affidavit of support (Form I-864)

from a new sponsor, Alvaro Lastimosa's United States citizen sister.  See INA

§ 213A(f)(5)(B) [8 U.S.C. § 1183a(f)(5)(B)]; 8 C.F.R § 213a.2(f).  Despite this renewed

effort, the district director denied the I-130 petition in July 2004.

Separately, in August 2004, the petitioners were charged with removability for

overstaying their admission period.  See INA § 237(a)(1)(B) [8 U.S.C. § 1227(a)(1)(B)].

They conceded their removability, but moved for a continuance of the removal

proceedings pending an appeal of the denial of the I-130 petition.  The IJ denied the

request, stating that he did not wish to "carry the case on the calendar."  The petitioners

appealed.  The Board of Immigration Appeals ("BIA") remarked that denying a

continuance "for purely case management reasons is . . . impermissible," but nevertheless

concluded that the IJ did not err.  Initially, the BIA emphasized that "there is no evidence

that the [petitioners] have, to date, ever filed an appeal of the District Director's decision"

---

[1] Alvaro Lastimosa's wife, Amiable Lastimosa, was listed on the petition for review filed in this Court.  Because, however, she was not part of the administrative proceedings of which the petitioners seek review, she may not be a party to these proceedings.

to deny the visa petition.[2]  The Board also noted that because the petitioners' adjustment proceedings were separate from their removal proceedings, "a continuance in the [petitioners'] removal proceedings would have no effect on their ability to file an appeal in visa petition proceedings."  Therefore, because the petitioners had failed to show good cause for a continuance, the BIA dismissed the appeal.  The petitioners filed a timely petition for review.  They argue that the denial of a continuance violated their due process rights by depriving them of their ability to complete their administrative appeal.

We have jurisdiction to review the decision to deny a continuance.  See Khan v. Atty. Gen., 448 F.3d 226, 232-33 (3d Cir. 2006).  An IJ has wide discretion to grant or deny a continuance, and we review the BIA's decision to uphold the denial of a continuance for abuse of discretion.  See Ponce-Leiva v. Ashcroft, 331 F.3d 369, 377 (3d Cir. 2003).  Whether the failure to continue the proceedings constitutes an abuse of discretion "cannot be decided through the application of bright-line rules; it must be resolved on a case by case basis according to the facts and circumstances of each case." Ponce-Leiva, 331 F.3d at 377 (quoting Baires v. INS, 856 F.2d 89, 91 (9th Cir. 1988)).  To establish a due process violation, the petitioners must not only show an abuse of discretion, but also that the abuse caused actual prejudice.  See Morgan v. Atty. Gen., 432 F.3d 226, 235-36 (3d Cir. 2005) (citing Ponce-Leiva, 331 F.3d at 374-77).

---

[2] Any appeal of the I-130 petition denial should have been filed by the visa petitioner (Alvaro Lastimosa's sister), rather than the beneficiaries (Alvaro and Angeli Lastimosa). See Matter of Sano, 19 I. & N. Dec. 299, 300-01 (BIA 1985).

3

The petitioners asked for a continuance of their removal proceedings pending an appeal of the district director's denial of their I-130 petition. The BIA has determined that a request for a continuance should generally be granted in removal cases involving an application for adjustment of status filed simultaneously with a visa petition, notwithstanding the fact that the visa petition has not been adjudicated, unless the applicant appears clearly ineligible for adjustment. See Matter of Garcia, 16 I. & N. Dec. 653, 656-57 (BIA 1978). The Board noted, however, "[i]t clearly would not be an abuse of discretion for the immigration judge to summarily deny a request for a continuance . . . upon his determination that the visa petition is frivolous or that the Adjustment Application would be denied on statutory grounds or in the exercise of discretion notwithstanding the approval of the petition." Id. at 657.

Although the BIA generally has appellate jurisdiction over family-based immigrant visa petitions filed under INA § 204, see 8 C.F.R. § 1003.1(b)(5), the notice of appeal must be filed "directly with the office of the Service having administrative control over the record of proceedings." 8 C.F.R. § 1003.3(a)(2). Importantly, the notice of appeal must be filed within 30 days of the service of the decision being appealed. Id. In this case, the district director denied the I-130 petition on July 27, 2004. Therefore, an appeal had to be filed by August 26, 2004. In October 2004, however, the petitioners conceded to the IJ that no appeal from the denial of their I-130 petition had yet been filed. Later, in its January 2006 order, the Board noted that its administrative records failed to indicate

4

that an appeal had been filed.  The government points out that there is still no evidence of an appeal.  Tellingly, the petitioners do not claim that a timely appeal of the denial of the I-130 petition has ever been filed.  Given the failure to timely pursue an appeal, we conclude that there was no "good cause" to grant the continuance.  See 8 C.F.R. § 1003.29.  Thus, the BIA did not abuse its discretion.

For the foregoing reasons, we will deny the petition for review.