**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XIAODONG WANG, | No. 08-72733 |
| Petitioner, | Agency No. A077-186-213 |
| v. | |
| ERIC H. HOLDER JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 7, 2012[**]
San Francisco, California

Before: HAWKINS, TASHIMA, and MURGUIA, Circuit Judges.

Xiaodong Wang ("Wang") seeks review of the Board of Immigration Appeals'

("BIA") decision affirming the Immigration Judge's ("IJ") order of removal.  For the

following reasons, we deny the petition.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Wang's third husband, Alex Cheung, admitted to marriage fraud in a sworn affidavit and withdrew his I-130 petition for an immediate relative visa on her behalf. However, Wang contends Cheung did not provide written notice of the petition's withdrawal as required by 8 C.F.R. § 205.1(a)(3)(i)(A). She argues that it was improper for the agency to place her in removal proceedings when a marriage fraud charge could not be legally sustained and that her entire removal proceeding should be terminated as a result.

Wang's argument fails because it is irrelevant to her removal as charged and adjudicated. Although marriage fraud was originally charged as a ground for removal in the initial notice to appear ("NTA"), the agency later amended the NTA to withdraw that ground without prejudice, and, in its place, charged Wang with being removable as an alien present in the United States in violation of the law, 8 U.S.C. § 1227(a)(1)(B). Wang did not challenge her removability under § 1227(a)(1)(B) before the BIA, nor does she contest this ground for removability before this court. *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004) (failure to exhaust administrative remedies leaves appellate court without jurisdiction to address the issue). As the IJ correctly noted, because Wang is removable on a charge unrelated to the marriage fraud, she cannot demonstrate prejudice from an alleged procedural failure regarding the underlying I-130 visa petition, and there is no basis to terminate

2

her removal proceedings.  *See Matter of Santos*, 19 I & N Dec. 105, 107-08 (BIA 1984) (alien must demonstrate prejudice by violation of procedural rule or regulation before proceeding will be invalidated).

Because Wang waived any challenge to her removability, the only remaining issue is whether the IJ improperly denied any application for relief from removal. But Wang's only submission was the motion to terminate removal proceedings discussed above.  Earlier in the proceedings Wang attempted to renew her application for adjustment of status, but she relied on her previously-denied 1998 application for adjustment of status and the withdrawn I-130 petition by Cheung.[1]  When the government pointed out that there was no visa petition to support a renewed application, the IJ informed Wang's counsel that Wang would need to submit—prior to the deadline—evidence of an approved petition and immediately-available visa (*see* 8 C.F.R. § 1245.2), which Wang failed to do.

Finally, Wang alleges the BIA deprived her of due process because, in addition to expressly adopting and affirming the decision of the IJ, it also offered additional

---

[1] To the extent Wang contests the agency's determination that the petition was in fact withdrawn, the BIA correctly noted that, as a beneficiary of the petition, she lacks standing to contest this decision. *Matter of Sano*, 19 I &N Dec. 299, 300 (BIA 1985) (only visa petitioner can appeal denial of visa petition).  The record contains no suggestion that petitioner Cheung disagreed with or contested the agency's determination that he had withdrawn the petition.

reasons to support the removal and denial of her motion to terminate proceedings. Yet, this did not deprive Wang of due process, because she is free in this court to challenge the reasoning of both the BIA and the IJ. *See Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008) (when BIA cites *Burbano* and adopts opinion of IJ, but also offers reasons of its own, this court reviews the reasoning of both decisions). Wang offers no legal justification to overturn the reasoning of either.

**PETITION DENIED**.